2008 UT 2

**Jayson ORVIS, Plaintiff and Respondent,**

v.

**Jamis M. JOHNSON, Defendant and Petitioner.**

No. 20061094.

Supreme Court of Utah.

Jan. 15, 2008.

Peggy A. Tomsic, Eric K. Schnibbe, Brandon G. Myers, Salt Lake City, for plaintiff.

Jamis M. Johnson, Salt Lake City, pro se, defendant.

WILKINS, Associate Chief Justice:

¶ 1 We granted certiorari on two questions: (1) whether the court of appeals correctly construed and applied the respective procedural burdens borne by opposing parties on summary judgment, and (2) whether the court of appeals correctly applied the summary judgment standard in this case. We conclude that the court of appeals misconstrued the initial procedural burden required on summary judgment. Because Jayson Orvis did not meet this initial burden, we also conclude that the court of appeals erred in affirming the trial court's grant of summary judgment.

## BACKGROUND

¶ 2 Several years ago, the petitioner, Jamis Johnson, was sued by the Small Business Administration (the "SBA") on a matter unrelated to the present litigation. The SBA entered a judgment against Johnson for $260,000, and in post judgment proceedings he was deposed in an attempt to identify his assets for the purpose of satisfying the judgment. During that deposition, Johnson was asked whether he "ha[d] any interest in any partnerships" or "[a]ny interest in any limited liability companies." He answered both questions in the negative. The SBA was unable to collect the judgment, and eventually assigned it to a third party, which in turn assigned it to the respondent, Jayson Orvis.

¶ 3 In 2001, Johnson, claiming to have had a partnership with Orvis, demanded an accounting from the latter. Orvis responded by filing this suit seeking a declaratory judgment that he did not have a partnership obligation to Johnson as a consequence of Johnson's prior sworn testimony denying such a partnership existed. Johnson, in turn, filed a counterclaim against Orvis for an accounting based on the alleged partnership. Orvis then filed a motion for summary judgment on the basis that Johnson, because of his prior testimony at the SBA proceeding, should be judicially estopped from asserting any partnership interest with Orvis.

¶ 4 The trial court granted summary judgment for Orvis, agreeing that Johnson was judicially estopped from asserting a partnership interest with Orvis because of his prior inconsistent testimony. Based upon this ruling, the trial court also entered a declaratory judgment that Johnson had no partnership or interest in any of Orvis' businesses, and dismissed with prejudice Johnson's counterclaim against Orvis.

¶ 5 Johnson appealed the trial court's grant of summary judgment to the court of appeals, arguing that judicial estoppel did not apply and that summary judgment was therefore inappropriate. The court of appeals affirmed the trial court's decision, holding that Orvis had met his summary judgment burden by "present[ing] sufficient evidence that no partnership interest existed because Johnson, in sworn testimony in a prior judicial proceeding, declared that he had no such interest." *Orvis v. Johnson*, 2006 UT App 394, ¶ 16, 146 P.3d 886. We granted certiorari review of that decision on two questions: (1) whether the court of appeals correctly construed and applied the respective procedural burdens borne by opposing parties on summary judgment, and (2) whether the court of appeals correctly applied the summary judgment standard in this case.

## STANDARD OF REVIEW

¶ 6 On certiorari review, we review the court of appeals' decision for correctness. *Massey v. Griffiths*, 2007 UT 10, ¶ 8, 152 P.3d 312. The review focuses on whether the court of appeals correctly reviewed the trial court's decision—in this case, to grant summary judgment to Orvis—under the appropriate standard of review. *Id.* An appellate court reviews a trial court's "legal conclusions and ultimate grant or denial of summary judgment" for correctness, *id.*, and views "the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Higgins v. Salt Lake County*, 855 P.2d 231, 233 (Utah 1993).

## ANALYSIS

¶ 7 The court of appeals held that Orvis' motion for summary judgment was sufficient to satisfy his initial procedural burden, citing language from our decision in *Waddoups v. Amalgamated Sugar Co.*, 2002 UT 69, 54 P.3d 1054. *Orvis*, 2006 UT App 394, ¶ 16. We said in *Waddoups* that "[o]nce the moving party challenges an element of the nonmoving party's case on the basis that no genuine issue of material fact exists, the burden then shifts to the nonmoving party to present evidence that is sufficient to establish a genuine issue of material fact." *Waddoups*, 2002 UT 69, ¶ 31. *Waddoups*, however, is properly distinguishable.

¶ 8 The key distinction between *Waddoups* and the present case is which party would have borne the burden of proof at trial on the relevant issue. In *Waddoups*, the moving party on summary judgment was challenging *the plaintiffs' case* by claiming that the plaintiffs did not have sufficient evidence to support their claim. We held that the plaintiff, who would have borne the burden of proof on the relevant issue at trial, upon such a challenge must provide affirmative evidence sufficient to establish a genuine issue of material fact. *Id.* ¶¶ 31, 33–34.

¶ 9 In the present case, however, Orvis was not seeking to challenge Johnson's case by claiming that Johnson lacked evidence to support his assertions of a partnership—rather, Orvis sought to establish, via judicial estoppel, that Johnson should be prevented from presenting evidence that a partnership existed. It is thus *Orvis* who, at trial, would have the burden of proof on the relevant issue: whether the necessary facts exist to support application of judicial estoppel. The burden of proof was on the nonmoving party in *Waddoups*. In the present case it is Orvis, the moving party, who bears the burden. As a result, Orvis also had the obligation to establish the essential facts necessary to support his claim in order to justify judgment in his favor.

¶ 10 A summary judgment movant must show both that there is no material issue of fact *and* that the movant is entitled to judgment as a matter of law. Utah R. Civ. P. 56(c). Where the moving party would bear the burden of proof at trial, the movant must establish each element of his claim in order to show that he is entitled to judgment as a matter of law. In order to meet his initial burden on summary judgment, therefore, Orvis must present evidence sufficient to establish that judicial estoppel is appropriate under the facts of the case, and that no material issues of fact remain. The burden on summary judgment then shifts to the nonmoving party to identify contested material facts, or legal flaws in the application of judicial estoppel.

¶ 11 The elements of judicial estoppel are: (1) the prior and subsequent litigation involve the same parties or their privies; (2) the prior and subsequent litigation involve the same subject matter; (3) the prior position was "successfully maintained"; and (4) the party seeking judicial estoppel has relied upon the prior testimony "and changed his position by reason of it."[1] *Tracy Loan & Trust Co. v. Openshaw Inv. Co.*, 102 Utah 509, 132 P.2d 388, 390 (1942).

¶ 12 In his memorandum supporting his motion for summary judgment, the only facts asserted by Orvis to support his judicial estoppel theory are two partial quotations from the record of the SBA proceeding. Orvis provided no evidence to show that the elements of judicial estoppel had been satisfied; in fact, Orvis did not even allege that those elements had been met. Instead, Orvis sought to establish judicial estoppel through an alternative theory—which is, simply, that

---

1. Our cases have also mentioned another issue relating to judicial estoppel, which the court of appeals has explicitly required as a fifth element: bad faith. *See Salt Lake City v. Silver Fork Pipeline Corp.*, 913 P.2d 731, 734 (Utah 1995) (noting that the purpose of judicial estoppel is not served "where there is no evidence that the party against whom judicial estoppel is sought knowingly misrepresented any facts in the prior proceeding and where the party seeking to invoke judicial estoppel had equal or better access to the relevant facts"); *Orvis v. Johnson*, 2006 UT App 394, ¶ 15, 146 P.3d 886 ("More recently, this court identified a fifth requirement for a party seeking to invoke the judicial estoppel doctrine—the party against whom judicial estoppel is sought must have exhibited bad faith.").

a party may not take inconsistent positions in prior and subsequent litigation. In some other jurisdictions that might be enough.[2] Under our law, however, judicial estoppel only applies when all elements are met.[3] More is required than a mere showing of an inconsistent statement at a prior judicial proceeding.[4] Because Orvis did not offer the necessary evidence to show that all of the elements of judicial estoppel were met, he failed to meet his initial procedural burden on summary judgment. The court of appeals therefore erred in holding to the contrary.

¶ 13 Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). Orvis' motion for summary judgment failed to establish the necessary elements of judicial estoppel, and thus did not show that he was entitled to judgment as a matter of

law. Summary judgment in his favor was therefore inappropriate.

¶ 14 We admit that our cases may have generated confusion as to the respective procedural burdens of parties on summary judgment, specifically where the *movant* is challenging whether the *nonmoving* party has sufficient evidence to prove the *nonmoving* party's claims at trial.[5] The case before us differs in that Orvis as the *movant* was relying on the merits of his own claim, not a failure in the claim of the nonmoving party. Relying on his own claim carries with it the burden of establishing a factual basis for judgment. However, when the *moving* party seeks to defeat the *nonmoving* party *on the nonmoving party's claim*, the procedural burdens shift. In order to resolve any confusion, we address the issue here.

¶ 15 The root of this confusion lies in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In *Celotex*, the Court held that a party seeking summary judgment did not always need to adduce factual evidence by affidavit in order to meet

2. In *Tracy Loan*, for example, this court expressly declined to follow the more lenient doctrines of judicial estoppel endorsed by Tennessee and Wyoming state courts. *See Tracy Loan & Trust Co. v. Openshaw Inv. Co.*, 102 Utah 509, 132 P.2d 388, 391 (1942) ("To apply the Tennessee doctrine in this case might result in laying down a rule which would operate to injure innocent parties and creditors."). Curiously, in making his judicial estoppel argument Orvis relied on Tennessee and Wyoming state law.

3. *See, e.g., Nebeker v. State Tax Comm'n*, 2001 UT 74, ¶ 26, 34 P.3d 180 (citing the four elements of judicial estoppel, and holding that the prior testimony was not, in fact, inconsistent); *Salt Lake City v. Silver Fork Pipeline Corp.*, 2000 UT 3, ¶ 33 n. 15, 5 P.3d 1206 (holding that judicial estoppel was inapplicable because certain elements had not been proven); *Stevensen v. Goodson*, 924 P.2d 339, 352–53 (Utah 1996) (declining to apply judicial estoppel because the prior position had not been "successfully maintained").

4. As to the fairness of failing to apply judicial estoppel where there has been a prior inconsistent statement in a judicial proceeding, we find *Tracy Loan* instructive:

> [E]ven when estoppel cannot be invoked, such prior testimony when properly produced constitutes evidence which the trial court or the jury should consider in determining what are the facts, and to pass on the credibility of the witness. Ordinarily when a person contradicts

his prior testimony because it appears to be to his advantage to do so, the veracity of such witness may become so questionable that it may require strong and convincing corroborative evidence to induce a court or jury to believe his subsequent declarations. Nevertheless, if the court finds that notwithstanding such maze of conflicting and unreliable testimony, there is other competent, material and relevant evidence unimpeached, which establishes the contention of such person who either testifies falsely or recklessly, he may still be entitled to prevail as a matter of law.

*Tracy Loan*, 132 P.2d at 392.

5. *Compare Shaw Res. Ltd. v. Pruitt, Gushee & Bachtell, P.C.*, 2006 UT App 313, ¶ 22, 142 P.3d 560 (citing *Waddoups* for the proposition that the moving party satisfies its summary judgment burden by "challeng[ing] an element of the nonmoving party's case on the basis that no genuine issue of material fact exists"), *and Orvis v. Johnson*, 2006 UT App 394, ¶ 16 & n. 7 (again citing *Waddoups*, but denying adoption of the lower federal burden for summary judgment), *with Shaw*, 2006 UT App 313, ¶¶ 61–67 (Bench, J., dissenting) (arguing that the majority opinion adopts the lower federal burden for summary judgment in contravention of explicit Utah precedent), *and Orvis v. Johnson*, 2006 UT App 394, ¶¶ 26–27 (Bench, J., concurring) (reciting his arguments from *Shaw* but ultimately concurring, "albeit reluctantly," based on the doctrine of stare decisis).

their initial procedural burden. *See Celotex*, 477 U.S. at 323, 106 S.Ct. 2548. Rather, the Court held, it is enough for a party who would not bear the burden of proof at trial to "identify[ ] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' that it believes demonstrate the absence of a genuine issue of material fact." *Id.* (quoting Fed.R.Civ.P. 56(c)). The burden then shifts to the nonmoving party to show, by "rebuttal affidavits, or other specified kinds of materials," that there is a genuine issue of material fact. *Id.* at 324, 106 S.Ct. 2548.

¶ 16 While this has been the law in the federal courts for over two decades now, it is not Utah law. In fact, in *Harline v. Barker*, 912 P.2d 433 (Utah 1996), this court expressly declined to adopt the reasoning of the *Celotex* decision, and held that "[u]nless the *moving* party meets its initial burden *to present evidence* establishing that no genuine issue of material fact exists, 'the party opposing the motion is under no obligation to demonstrate that there is a genuine issue for trial.'" *Harline*, 912 P.2d at 445 & n. 13 (quoting *K & T, Inc. v. Koroulis*, 888 P.2d 623, 628 (Utah 1994)) (emphasis added). Utah law does not allow a summary judgment movant to merely point out a lack of evidence in the nonmoving party's case, but instead requires a movant to affirmatively provide factual evidence establishing that there is no genuine issue of material fact.[6]

¶ 17 The current confusion seems to have arisen from language in our decision in *Waddoups*. In *Waddoups*, we held that:

The moving party has the burden of presenting evidence to demonstrate that no genuine issue of material facts exists and that judgment as a matter of law is proper. However, once the moving party challenges an element of the nonmoving party's case on the basis that no genuine issue of material fact exists, the burden then shifts to the nonmoving party to present evidence that is sufficient to establish a genuine issue of material fact.

*Waddoups*, 2002 UT 69, ¶ 31 (citations omitted). This statement has been interpreted to mean that a movant can satisfy her burden on summary judgment by "challeng[ing] an element of the nonmoving party's case"—in effect, by pointing out that the nonmoving party lacks sufficient evidence to support his claim.[7] *See Shaw Res. Ltd. v. Pruitt, Gushee & Bachtell, P.C.*, 2006 UT App 313, ¶ 22, 142 P.3d 560; *Orvis v. Johnson*, 2006 UT App 394, ¶ 16. This interpretation overlooks the movant's affirmative obligation to first *demonstrate* that there exists no genuine issue of material fact.

¶ 18 A summary judgment movant, on an issue where the nonmoving party will bear the burden of proof at trial, may satisfy its burden on summary judgment by showing, by reference to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there is no genuine issue of material fact. Utah R. Civ. P. 56(c). Upon such a showing, whether or not supported by additional affirmative factual evidence, the burden then shifts to the *nonmoving* party, who "may not rest upon the mere allegations or denials of the pleadings," but "must set forth specific facts showing that there is a genuine issue for trial." *Id.* (e). This is the correct application of *Harline*, and any subsequent cases applying Harline differently are incorrect.

¶ 19 Of course, this standard only applies to summary judgment based upon issues where the *nonmoving party* bears the burden of proof at trial. If the moving party would bear the burden of proof on the rele-

---

6. *See, e.g., Wilkinson v. Union Pac. R.R. Co.*, 975 P.2d 464, 465 (Utah 1998) ("Because Union Pacific has offered no affidavits disputing Wilkinson's allegations, it has not met its burden of showing that there are no material issues of fact."); *Lamb v. B & B Amusements Corp.*, 869 P.2d 926, 928–29 (Utah 1993) ("As the moving party, Curtis [Industries, a defendant-movant] had the affirmative burden of establishing that there were no material issues of fact as to its liability.").

7. This interpretation is bolstered by reference to the defendants' brief in *Waddoups*, where the defendants argue that the plaintiffs' claim "is groundless because they do not identify, let alone substantiate, any conduct by [defendants]" to support the claim.

vant issue, either because the moving party is the plaintiff, or, as in the present case, where summary judgment is sought on an alternative theory such as judicial estoppel, then the movant has an affirmative duty to provide the court with facts that demonstrate both that the party is entitled to judgment as a matter of law and that there are no material issues of fact that would require resolution at trial.

## CONCLUSION

¶ 20 Orvis did not meet his initial burden on summary judgment because he did not present the trial court with evidence necessary to support his claim of judicial estoppel.

¶ 21 Reversed and remanded for proceedings consistent with this opinion.

¶ 22 Chief Justice DURHAM, Justice DURRANT, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.

¶ 23 Having disqualified herself, Justice PARRISH does not participate herein.