IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Ruth B. Hardy Revocable Trust; Delcon Corporation Profit Sharing Plan FBO A. Wesley Hardy; Finesse PSP; MJS Real Properties LLC; Uintah Investments LLC; David D. Smith; Steven Condie; David L. Johnson; Berrett PSP; VW Professional Homes PSP; Ty Thomas; and D.R.P. Management PSP, | ) ) ) ) ) ) ) ) ) | MEMORANDUM DECISION<br><br>Case No. 20110339-CA<br><br>F I L E D<br>(December 13, 2012) |
| Plaintiffs and Appellees, | ) ) | 2012 UT App 352 |
| v. | ) ) | |
| Eagle Mountain City, | ) ) | |
| Defendant and Appellant. | ) | |

-----

Fourth District, Provo Department, 090401015
The Honorable Steven L. Hansen

Attorneys:    Jeremy R. Cook and Gerald H. Kinghorn, Salt Lake City, for Appellant
              Wayne G. Petty and James C. Swindler, Salt Lake City, for Appellees

-----

Before Judges McHugh, Voros, and Roth.

VOROS, Judge:

¶1    Plaintiffs (Lenders) sought to foreclose on the Trust Deed associated with a loan made to Eagle Mountain Lots. In the alternative, Lenders asserted fraudulent transfer in

an attempt to set aside the transfer—ultimately to Eagle Mountain City—of water rights allegedly encumbered by the Trust Deed. The trial court granted summary judgment in favor of Lenders and issued a decree of foreclosure. The City appeals the trial court's summary judgment ruling that 160 acre-feet of certain water rights were encumbered by the Trust Deed and the alternative order setting aside the transfer of water rights as fraudulent. We affirm.

¶2    Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Utah R. Civ. P. 56(c). "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).

¶3    The City first contends that, "taken together, the Trust Deed and Promissory Note are ambiguous with respect to whether the 160 Acre-Feet were intended to be secured by the Trust Deed." Thus, the City reasons, "the district court erred by not considering extrinsic evidence as to whether the 160 Acre-Feet were encumbered by the Trust Deed."

¶4    "[P]arol evidence is admissible only to clarify ambiguous terms . . . ." *Tangren Family Trust v. Tangren*, 2008 UT 20, ¶ 11, 182 P.3d 326. "Thus, before permitting recourse to parol evidence, a court must make a determination of facial ambiguity." *Daines v. Vincent*, 2008 UT 51, ¶ 25, 190 P.3d 1269. "[W]hether a contract is ambiguous is a question of law reviewed for correctness." *Tangren Family Trust*, 2008 UT 20, ¶ 10.[1]

¶5    The City has not demonstrated ambiguity in the Trust Deed. The Promissory Note states that the loan "is secured by a first mortgage" on two parcels of property and 1,125 acre-feet of four specific water rights. The Trust Deed conveys one of the parcels

---

[1]Even before addressing ambiguity, the court must determine as a factual matter whether the agreement is integrated. *See Tangren Family Trust v. Tangren*, 2008 UT 20, ¶¶ 10–11, 182 P.3d 326. Here the trial court treated the security agreement as integrated, and the City does not challenge this approach on appeal. We therefore assume the trial court was correct on this point.

mentioned in the note together with "all water rights . . . and appurtenances thereunto belonging, now or hereafter used or enjoyed with said property, or any part thereof . . . ." The City is correct that "[t]he 1,125 Acre-Feet of water rights listed in the Promissory Note are separate and distinct from the 160 Acre-Feet, and no reference to the 160 Acre-Feet is included in the Promissory Note or Trust Deed." But it does not follow that these facts create "ambiguity as to the scope of the form language in the Trust Deed."

¶6     The trial court's conclusion that the Trust Deed contained no ambiguity is based in large measure on the wording of Utah Code section 73-1-11(1), a provision addressing when appurtenant water rights pass with the grant of land to which they are appurtenant. *See* Utah Code Ann. § 73-1-11(1) (LexisNexis 2012).[2] Although the City's opening brief quotes section 73-1-11 in the portion of the brief setting forth the statutes central to the resolution of the appeal, *see generally* Utah R. App. P. 24(a)(6), it engages in no analysis of the subsection relied upon by the trial court. The City thus falls short of convincing us that the trial court misapplied the statute. *See generally id.* R. 24(a)(9) ("The argument [in the appellant's brief] shall contain the contentions and reasons of the appellant with respect to the issues presented, . . . with citations to the authorities, statutes, and parts of the record relied on."); *State v. Thomas*, 961 P.2d 299, 305 (Utah 1998) (stating that an argument is inadequately briefed "when the overall analysis of the issue is so lacking as to shift the burden of research and argument to the reviewing court").

¶7     Nor do we believe the trial court misapplied the statute. Under Utah law, an appurtenant water right passes automatically with the conveyance of land unless the grantor takes one of three actions:

> A water right appurtenant to land shall pass to the grantee
> of the land unless the grantor:
>     (a) specifically reserves the water right or any part of the
> water right in the land conveyance document;
>     (b) conveys a part of the water right in the land
> conveyance document; or

---

[2]Because the relevant portions of the statute have not changed since this dispute arose, we cite the current version of the statute for the reader's convenience.

> (c) conveys the water right in a separate conveyance
> document prior to or contemporaneously with the execution
> of the land conveyance document.

Utah Code Ann. § 73-1-11(1); *see also Sanpete Am., LLC v. Willardsen*, 2011 UT 48, ¶ 54, 269 P.3d 118. Therefore, if a grantor takes none of the specified actions, "a perfected water right will pass as an appurtenance without specifically mentioning the vested water right" in the conveyance document. *Loosle v. First Fed. Sav. & Loan Ass'n of Logan*, 858 P.2d 999, 1003 (Utah 1993). A trust deed is a conveyance document for purposes of section 73-1-11. *See* 858 P.2d at 1003 (applying an earlier version of section 73-1-11 to the encumbrance of a water right by trust deed).

¶8     In its reply brief, the City argues that the land conveyance document conveyed only part of the water right. *See* Utah Code Ann. § 73-1-11(1)(b). The City acknowledges that neither the Trust Deed nor the Promissory Note specifically conveys a portion of the 160 Acre-Feet. But it argues that the statutory exception should be read broadly so that whenever *any* water rights are listed in relation to a land conveyance (e.g., the 1,125 Acre-Feet), all other non-listed water rights fall outside the operation of the statute (e.g., the 160 Acre-Feet).

¶9     We decline to adopt the City's interpretation of section 73-1-11(1)(b) for two reasons. First, that subsection applies only when the grantor conveys a part of the water right "in the land conveyance document." *Id.* In this case, the "land conveyance document" is the Trust Deed. And here, as noted above, the Trust Deed does not convey part of any water right; rather, it conveys "all water rights" belonging to the land. Second, even if the Promissory Note sufficed as a land conveyance document, the City's argument would succeed only if the Note conveyed a part of the 160 Acre-Feet of water rights. This is clear from *Sanpete America, LLC v. Willardsen*, 2011 UT 48, 269 P.3d 118, where our supreme court ruled that the conveyance-in-part exception applies only where the grantor conveys a portion of "the individual, distinct water right at issue." 2011 UT 48, ¶ 57. Neither document conveyed "part" of the 160 Acre-Feet.

¶10     Furthermore, we agree with the trial court that the phrase "all water rights . . . thereunto belonging" used in the Trust Deed is no more ambiguous than "all water or water rights . . . appurtenant to or associated with," the phrase held unambiguous in *Spears v. Warr*, 2002 UT 24, ¶ 40, 44 P.3d 742. *See also Loosle*, 858 P.2d at 1003 (noting that

"a perfected water right will pass as an appurtenance without specifically mentioning the vested water right" in the conveyance document).

¶11    In sum, the City has not made the threshold showing of ambiguity necessary to open the door to extrinsic evidence of the parties' intent.

¶12    The City next contends that the 160 Acre-Feet are not appurtenant to the conveyed land under the language of the Trust Deed. The Trust Deed conveys "all water rights . . . thereunto belonging, now or hereafter used or enjoyed with said property, or any part thereof . . . ."

¶13    The City's argument on this point is inadequately briefed. As a preliminary matter, the City's argument ignores the statutory provision relied on by the trial court to establish appurtenance, section 73-1-11(5), which provides that, "[f]or purposes of land conveyances only, a water right evidenced by any of [seven specified] documents is appurtenant to land," and "the land to which a water right is appurtenant is the authorized place of use of water as described in the" documents. Utah Code Ann. § 73-1-11(5)(b), -11(5)(c). The trial court concluded that two such undisputed documents established that the 160 Acre-Feet were appurtenant to the conveyed land.

¶14    The City does not address these statutory provisions, nor the evidence on which the trial court concluded that these provisions were satisfied. The appellant bears the burden of laying out in some detail what the law requires and how the actions of the trial court fell short. We will rarely, if ever, disturb a trial court's ruling without such an explanation, and we follow this course here. *See State v. Thomas*, 961 P.2d 299, 305 (Utah 1998).[3]

¶15    The City also contends in the alternative that under section 73-1-11(5)(e) of the Utah Code, the Trust Deed could encumber at most only a portion of the 160 Acre-Feet. Section 73-1-11(5)(e) provides a rule of proportionality for certain transfers:

---

[3]Section 73-1-11(5) seems to suggest that appurtenance is determined not from the conveyance document, but from the relevant documents listed in subsection 73-1-11(5)(b). But even looking at the language in the Trust Deed here, we agree with the trial court that the City's interpretation of the phrase "now or hereafter used or enjoyed with said property" is unduly narrow. The land had been irrigated using the 160 Acre-Feet the year prior to the sale, which occurred early in the six-month irrigation season.

> If the land conveyed constitutes only a portion of the
> authorized place of use for the water right, the amount of the
> appurtenant water right that passes to the grantee shall be
> proportionate to the conveyed portion of the authorized
> place of use.

Utah Code Ann. § 73-1-11(5)(e). Here, the 160 Acre-Feet of water rights were authorized for use on a 200-acre parcel. The Trust Deed encumbered 158 of the 200 acres; a third party owned the remaining 42 acres. The City argues that because the land conveyed (158 acres) constituted only a portion (79%) of the total authorized place of use for the water rights (200 acre-feet), the number of acre-feet that transfer automatically with the land should be proportionate to the conveyed portion of the authorized place of use (i.e., 126.4 acre-feet).

¶16     Lenders appear to concede that the plain language of the statute requires this result. However, Lenders argue that the statute leads to an absurd result "where a landowner owns only a portion of the entire authorized place of use, but conveys all that it owns." Lenders argue that under the City's interpretation, water rights will be left in the hands of those who do not own any portion of the authorized place of use and who will be unaware of their continuing water rights because of the automatic operation of the statute. Lenders thus argue that section 73-1-11(5)(e) should be construed to apply only when landowners convey a portion of the appurtenant land that they own. *See generally Savage v. Utah Youth Village*, 2004 UT 102, ¶ 18, 104 P.3d 1242 ("[A] court should not follow the literal language of a statute if its plain meaning works an absurd result . . . .").

¶17     We need not decide this issue, because we affirm the trial court's alternative ruling on the issue of fraudulent transfer. The trial court ruled that Lenders demonstrated that Eagle Mountain Lots' transfer of the 160 Acre-Feet to Circle of Builders satisfied the requirements of fraudulent transfer under section 25-6-6 of the Utah Code. *See* Utah Code Ann. § 25-6-6 (LexisNexis 2007). The City does not dispute this conclusion. Rather, the City contends that Lenders are not entitled to avoid the subsequent transfer from Circle of Builders to the City, because the City qualifies as "a good-faith transferee" under section 25-6-9(4). *See id.* § 25-6-9(4) (LexisNexis Supp. 2012).

¶18    Section 25-6-9(4) allows good-faith transferees to obtain a lien on a fraudulently transferred asset to the extent of the value given to the debtor:

> Notwithstanding voidability of a transfer or an obligation under this chapter, a good-faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to:
>     (a) a lien on or a right to retain any interest in the asset transferred[.]

*Id.* The trial court rejected the City's good-faith transferee argument. It ruled that the City presented no admissible evidence that it gave value for the water rights transferred by Circle of Builders or that it was an innocent purchaser. Furthermore, the City did not contend in the trial court that any value was given to the debtor, Eagle Mountain Lots, as required by the statute. *See id.*

¶19    The City maintains that the trial court erred in ruling that it "failed to provide evidence that it gave value for the 160 Acre-Feet." Yet the City identifies no record evidence that it gave value to "the debtor" or the extent of any such value given. The City merely claims that the court's reference to "'banked entitlements' necessitates a finding that Eagle Mountain City provided value in the form of banked entitlements in exchange for the 160 Acre-Feet." But a logical inconsistency in the court's order falls short of record evidence sufficient to create a genuine issue of material fact as to whether the elements of section 25-6-9(4) are satisfied. Therefore, even viewing the evidence in the light most favorable to the City, the City's challenge on this point fails.[4]

---

[4]The City also argues on appeal that, under section 25-6-9(2), judgment may not be entered against it because it was a subsequent good-faith transferee who took for value. *See* Utah Code Ann. § 25-6-9(2)(b) (LexisNexis Supp. 2012) (providing that a creditor may recover against "any subsequent transferee other than a good faith transferee who took for value or from any subsequent transferee"). Section 25-6-9(2) does not require proof of value given to the debtor. *See id.* Although the City never cited this provision to the trial court, it raised the general issue before the trial court in oral arguments. The trial court ruled that the argument was waived, but it also rejected the

(continued...)

¶20    Finally, the City contends that the trial court erred in its order of foreclosure by ordering an execution sale on "banked entitlements" rather than on the underlying water rights. According to the City, when the City receives water rights from an individual or entity, it can provide development credits (banked entitlements) in exchange for the water rights. The City can then use the water rights immediately and potential developers are able to later use the "banked" credits to satisfy the City's requirements for development approval.[5]

¶21    Although we have no ready explanation for the trial court's decision to foreclose on the banked entitlements, the City has not shown that it preserved this argument for appellate review. "[T]o preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (second alteration in original) (citation and internal quotation marks omitted). The City did not object to the inclusion of banked entitlements in the Lenders' proposed judgment and decree of foreclosure. Nor did the City move to alter or amend the judgment once it was entered. Furthermore, we have reviewed the portions of the record that the City claims show that this issue was preserved, and none of the citations demonstrate preservation. Finally, the City did not respond in its reply brief to Lenders' contention on appeal that

---

[4](...continued)
argument on its merits on the ground that the City "presented no evidence that it gave value for the water rights transferred to it by Circle of Builders or that it was an innocent purchaser." On appeal, the City challenges the court's ruling on waiver but does not identify record evidence that the City was "a good faith transferee who took for value." Accordingly, its challenge on this point fails.

[5]The City cites no record evidence or other authority in support of this explanation.

the City's claim was not preserved below. Therefore, we will not disturb the trial court's ruling on this point.

¶22    Affirmed.

_____

J. Frederic Voros Jr., Judge

-----

¶23    WE CONCUR:

_____

Carolyn B. McHugh, Judge

_____

Stephen L. Roth, Judge