**2016 UT App 115**

## THE UTAH COURT OF APPEALS

NICHOLE SLATTER,
Appellant,
*v.*
PANS OUT INC.,
Appellee.

Memorandum Decision
No. 20140799-CA
Filed May 26, 2016

Third District Court, Salt Lake Department
The Honorable Kate A. Toomey
No. 120900093

Robert R. Wallace, Attorney for Appellant

Barbara K. Berrett and Kyle C. Thompson, Attorneys
for Appellee

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGE STEPHEN L. ROTH and SENIOR JUDGE
RUSSELL W. BENCH concurred.[1]

VOROS, Judge:

¶1     Nichole Slatter slipped and fell on ice in a parking lot next
to the building where she worked, injuring her hand and wrist.
An independent contractor, Pans Out, doing business as
Competitive Edge, had been paid to remove snow and ice from
the lot. Slatter sued Competitive Edge for negligence.
Competitive Edge moved for summary judgment, which the
district court granted. We affirm.

---

1. Senior Judge Russell W. Bench sat by special assignment as
authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

¶2    The district court "shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Utah R. Civ. P. 56(a). "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness, and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted). "[S]ummary judgment is appropriate in negligence cases only in the clearest instances." *Dwiggins v. Morgan Jewelers*, 811 P.2d 182, 183 (Utah 1991). This is such an instance.

¶3    Slatter's theory of the case—and most if not all of her claims on appeal—rests on an alleged oral contract. First, she contends that the property owner and Competitive Edge entered into an oral contract requiring Competitive Edge to keep the parking lot free of snow and ice down to the cement. She argues that the district court, in rejecting this claim as a matter of law, "failed to review the evidence in a light most favorable to the non-moving party." She further argues that the court should have ignored an unsigned, sample "blank form" contract introduced by Competitive Edge, which included the condition that "snow removal (or salting) may not clear the area to 'bare pavement' or 'bare sidewalk,' and that slippery conditions may prevail even after snow removal (or salt application)."[2] Instead, she argues, the court should have found that "the only contract between the [building] owner and [Competitive Edge] was an oral contract wherein [Competitive Edge] agreed to and regularly did clear ice and snow down to the bare cement."

_____

2. Neither party argues on appeal that the unsigned, sample "blank form" contract created a standard of care.

¶4     "An oral contract is ordinarily no less binding than one reduced to writing." 17A Am. Jur. 2d *Contracts* § 168 (2016). "[A] binding contract exists where it can be shown that the parties had a meeting of the minds as to the 'integral features of [the] agreement' and that the terms are sufficiently definite as to be capable of being enforced." *LD III, LLC v. BBRD, LC*, 2009 UT App 301, ¶ 14, 221 P.3d 867 (second alteration in original) (quoting *Prince, Yeates & Geldzahler v. Young*, 2004 UT 26, ¶ 13, 94 P.3d 179).

¶5     Slatter relies on deposition testimony from the building manager to argue that the building manager had entered into an oral contract with Competitive Edge for "removal of snow and ice down to bare cement." The building manager testified that his "understanding when [he] first talked to" Competitive Edge was that Competitive Edge would remove all snow and ice from the parking lot "either by scraping or snow melt." He further testified, "They would keep the parking lot clean, was my understanding. . . . To me, it means to remove all the snow and spread down ice melt or salt . . . and salt would make it down to the cement . . . ." Even viewing the building manager's testimony in the light most favorable to Slatter, the non-moving party, the testimony does not create an oral contract binding Competitive Edge to a heightened standard of care. We agree with the district court that this testimony reflects only the building manager's understanding of what he expected Competitive Edge to do, not what Competitive Edge contracted to do. Consequently, we affirm the ruling of the district court that no oral contract existed. This conclusion effectively disposes of Slatter's remaining claims, as explained below.

¶6     Second, Slatter contends that the district court erred in ruling that Competitive Edge owed Slatter only the "duty of ordinary and reasonable care, just as each person owes a general duty to act reasonably toward others." Slatter reads this ruling to mean that Competitive Edge owed Slatter no greater duty of care

than would a random building patron who happened to use the parking lot that day. Competitive Edge reads the court's ruling to mean that Competitive Edge owed Slatter the same duty of care as any other snow removal company tasked with removing snow and ice from the parking lot. We read the ruling as Competitive Edge does, that is, Competitive Edge owed Slatter the duty of care of a reasonable snow removal contractor under the circumstances. Slatter does not allege that Competitive Edge breached this standard of care. Accordingly, this claim fails.

¶7 Third, Slatter contends that a non-contracting business invitee may benefit from a contract between an independent contractor and a property owner. Slatter may be correct as a matter of law. *See generally Hill v. Superior Prop. Mgmt. Servs., Inc.*, 2013 UT 60, 321 P.3d 1054 (discussing a number of theories under which an independent contractor might owe a duty to a third party). But we need not and do not express any opinion on that point, because we conclude that no such contract existed here.

¶8 Fourth, Slatter contends that the district court erred in ruling that she needed an expert witness to establish the relevant "standard of care for snow and ice removal generally in the industry." Slatter reasons that, "[a]s a result of the standard [of care] agreed upon by the contractor and business owner," she has no need to establish through expert testimony the standard of care generally in the snow removal industry. However, because we conclude that no such oral contract existed, this claim fails.

¶9 Finally, Slatter contends that the district court improperly "applied mutually exclusive principles in order to reach a decision." Specifically, she faults the district court for ruling in effect that a reasonable person in Salt Lake City would understand the risks of walking in winter conditions, but that same reasonable person would not understand the industry

standard of care for snow removal companies. As to this issue, Slatter has not met her burden of persuasion on appeal. *See* Utah R. App. P. 24(a)(9); *Simmons Media Group, LLC v. Waykar, LLC*, 2014 UT App 145, ¶ 37, 335 P.3d 885. And in any event, we do not agree that the court's rulings conflict.

¶10 The judgment of the district court is affirmed.

———————