**2016 UT App 194**

THE UTAH COURT OF APPEALS

BRADLEY J. OLSEN,
Appellant,
*v.*
STATE OF UTAH AND UTAH STATE TREASURER,
UNCLAIMED PROPERTY DIVISION,
Appellees.

Opinion
No. 20150490-CA
Filed September 15, 2016

Third District Court, Silver Summit Department
The Honorable Kara Pettit
No. 140500267

P. Bryan Fishburn, Attorney for Appellant

Sean D. Reyes, Michael K. Green, and Thom D.
Roberts, Attorneys for Appellees

JUDGE J. FREDERIC VOROS JR. authored this Opinion, in which
JUDGES STEPHEN L. ROTH and DAVID N. MORTENSEN concurred.

VOROS, Judge:

¶1     This appeal involves a judgment creditor's attempt to obtain his judgment debtor's unclaimed property held by the State. Appellant Bradley J. Olsen obtained a judgment of just under $10,000 against a judgment debtor. The Unclaimed Property Division of the Utah State Treasurer's Office (the Division) held just under $275,000 belonging to the judgment debtor. With an eye on the larger prize, Olsen held an execution sale and purchased the judgment debtor's rights to the unclaimed $275,000. When the Division refused to pay Olsen the entire $275,000, Olsen sued. The district court granted summary judgment to the Division. We affirm.

BACKGROUND

¶2     This case began with a county tax sale of a building lot in Summit County. After satisfying the outstanding tax obligation and related expenses, the County, as required by law, forwarded the excess proceeds of the sale—nearly $275,000—to the Division. In addition to owing the County back taxes, the property owner owed his homeowners association $3,776.50. The homeowners association assigned the claim to Olsen, and Olsen obtained a default judgment against the property owner in the sum of $9,697.28.

¶3     Based on that judgment, Olsen arranged for a constable to conduct an execution sale. The constable purported to sell the property owner's rights in the $275,000 held by the Division, described as "all claims and rights, including any right of action, to all value of funds held by the Utah State Treasurer Unclaimed Property Division, ID #2265464." Olsen, the sole bidder at the sale, purchased the property owner's interest in the $275,000 by credit-bidding the amount of his judgment plus fees and costs, a total of just over $10,000.

¶4     Olsen then filed a claim with the Division for the entire $275,000. The Division denied the claim on the ground that Olsen was not "the sole owner" of the $275,000, but rather a judgment creditor and therefore entitled only to the amount of his judgment. Olsen sought judicial review in the district court. On cross-motions for summary judgment, the district court ruled for the Division and against Olsen. The court ruled that Olsen could not attach or execute on the funds held by the State under controlling law, specifically Utah Code section 63G-7-603 (LexisNexis 2014), and *Fisher v. Fisher*, 2003 UT App 91, 67 P.3d 1055.

ISSUES AND STANDARD OF REVIEW

¶5     On appeal, Olsen asserts five claims to support his position that he is entitled to the entire $275,000 held by the

Division. But Olsen's claims all represent various facets of a single contention, namely, that the district court erred in ruling that a judgment creditor must proceed against the judgment debtor's unclaimed property by filing a claim pursuant to the Unclaimed Property Act and not by writ of execution. "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness, and views the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600 (citations and internal quotation marks omitted).

ANALYSIS

¶6 The Unclaimed Property Act creates an interest-bearing trust fund known as the "Unclaimed Property Trust Fund." Utah Code Ann. § 67-4a-405(1) (LexisNexis 2011). The fund consists of all abandoned or unclaimed property received under the Act, including proceeds from the sale of abandoned property. *Id.* The fund is administered by a deputy state treasurer known as the Administrator. *Id.* § 67-4a-102(1). At the end of each fiscal year, the Administrator pays any legitimate claims, pays enumerated costs and fees, estimates the amount of money needed to pay future claims, transfers any unclaimed restitution for crime victims to the Crime Victim Reparations Fund, and transfers the remaining balance to the Uniform School Fund. *Id.* § 67-4a-405.

¶7 The principal question on appeal is whether, as the State contends, the Act creates an exclusive method for a judgment creditor to obtain the unclaimed property of the judgment debtor. We conclude that it does.

¶8 The Act provides that "[w]henever property is paid or delivered to the administrator under this act, the owner may receive from the administrator the principal amount turned over to the state." *Id.* § 67-4a-401. It broadly defines *owner* to include "a creditor, claimant, or payee in the case of other intangible property." *Id.* § 67-4a-102(21)(c). And it defines *intangible property*

to include money. *Id.* § 67-4a-102(15)(a)(i). Read together, these sections provide that a creditor may claim and receive from the Administrator the principal amount of the debt owed to that creditor.

¶9     We agree with the State that the claims procedure created by the Unclaimed Property Act constitutes a creditor's exclusive remedy to obtain the debtor's unclaimed property. The Unclaimed Property Trust Fund is a creature of statute. The Act creates the Fund and specifies who may make a claim against it, how much they may claim, and how they make the claim. We accordingly view the Unclaimed Property Act as designed to "fill the void that existed at common law" and thus to be "a complete and self-contained solution" to the problem of unclaimed property. *Cf. Adkins v. Uncle Bart's, Inc.*, 2000 UT 14, ¶ 16, 1 P.3d 528 (citation and internal quotation marks omitted) (addressing the Dramshop Act). And indeed, in the present case, the remedy provided by the Act allows Olsen to claim the entire amount of the judgment debtor's obligation to him.

¶10     Not only has the legislature provided a straightforward and adequate method for a judgment creditor to make a claim against a judgment debtor's unclaimed property, it has foreclosed other avenues of relief, including a writ of execution. Section 63G-7-603(2) provides, "Execution, attachment, or garnishment may not issue against a governmental entity." Utah Code Ann. § 63G-7-603(2) (LexisNexis 2014).

¶11     Olsen argues that he "did not proceed by writ of execution, attachment, or garnishment *against the Division*." Instead, he maintains, "he elected to proceed against [the judgment debtor], in [the judgment debtor's] capacity as a judgment debtor, and execute on a *right* that [the judgment debtor] owned." At the execution sale Olsen purchased "all claims and rights, including any right of action, to all value of funds held by the Utah State Treasurer Unclaimed Property Division, ID #2265464." Olsen draws a distinction between the right "to all value of funds" and the funds themselves. In our

view, this distinction cuts too fine. The Division is holding the judgment debtor's money: specifically, the $275,000 generated from the tax sale on the judgment debtor's property. At the execution sale, Olsen argues, the constable purported to sell that money at a steep discount to Olsen, who then demanded it from the Division.

¶12 True, the money belongs to the judgment debtor, not the State. But section 603 applies whether the State owns the property or merely possesses it: "We have previously held that a writ of garnishment served on a government agency to obtain property in the possession of, but not owned by, that government agency 'issues' against that entity for purposes of section 63G-7-603." *Asset Acceptance LLC v. Utah State Treasurer*, 2016 UT App 25, ¶ 12 n.8, 367 P.3d 1019 (citing *Fisher v. Fisher*, 2003 UT App 91, ¶¶ 13–14, 67 P.3d 1055 (holding that an attorney lien could not issue against property held by a state entity but owing to a third party)). Accordingly, we conclude that for purposes of subsection 63G-7-603(2), the writ of execution issued against the Division violates that statute.[1]

¶13 Olsen maintains that he stands in the same position as he would if the judgment debtor had assigned to him the right to collect the cash held by the Division, in which case, he asserts, he would be entitled to claim the entire $275,000. We disagree. As

---

1. In any event, a writ of execution is not the appropriate writ for obtaining a judgment debtor's funds in the hands of a third party. A writ of execution is available to seize "property in the possession or under the control of the defendant." Utah R. Civ. P. 64E(a). A writ of garnishment is available to seize "property of the defendant in the possession or under the control of a person other than the defendant." *Id.* R. 64D(a). The distinction matters here, because the funds Olsen sought to execute on belonged to the judgment debtor, but were not in the judgment debtor's possession or control. Consequently, they were not the proper subject of a writ of execution.

explained above, subsection 63G-7-603(2) prohibits executions on property owned by private individuals but possessed by the Division. Accordingly, the statute governs the present case. But the statute does not prohibit assignments of property owned by private individuals but possessed by the Division. And because no such assignment occurred here, we express no opinion on that circumstance.

¶14 Finally, Olsen contends that any challenge to the execution sale constitutes an impermissible collateral attack on his judgment remedies. We have not in the past viewed the application of section 63G-7-603 as an impermissible collateral attack on a post-judgment writ, and we decline to do so now. *See, e.g.*, *Asset Acceptance*, 2016 UT App 25, ¶¶ 11–14. To do so would render the statute a nullity, and we avoid "[a]ny interpretation which renders parts or words in a statute inoperative or superfluous." *Monarrez v. Utah Dep't of Transp.*, 2016 UT 10, ¶ 11, 368 P.3d 846 (alteration in original) (citation and internal quotation marks omitted).

CONCLUSION

¶15 For the foregoing reasons, the judgment of the district court is affirmed.

───────────