**2017 UT App 164**

# THE UTAH COURT OF APPEALS

MICHAEL NEESE,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Opinion
No. 20160903-CA
Filed August 31, 2017

Fourth District Court, Provo Department
The Honorable Christine S. Johnson
No. 150400036

Michael Neese, Appellant Pro Se

Sean D. Reyes and Mark C. Field, Attorneys
for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN, KATE A. TOOMEY, and
RYAN M. HARRIS.

PER CURIAM:

¶1     Michael Neese appeals the district court's order granting
the State's motion for summary judgment and dismissing his
petition for post-conviction relief.

¶2     Appellate courts review a district court's order granting
summary judgment for correctness, granting no deference to the
district court. *See Menzies v. State*, 2014 UT 40, ¶ 30, 344 P.3d 581.
"We affirm a grant of summary judgment when the record
shows that there is no genuine issue as to any material fact and
that the moving party is entitled to a judgment as a matter of
law." *Id.* (citation and internal quotation marks omitted).

¶3     Utah Code section 78B-9-107(1) states that "[a] petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B-9-107(1) (LexisNexis 2012). The statute goes on to set forth the dates upon which the cause of action accrues:

> (a)     the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken;
> (b)     the entry of the decision of the appellate court which has jurisdiction over the case, if an appeal is taken;
> (c)     the last day for filing a petition for writ of certiorari in the Utah Supreme Court or the United States Supreme Court, if no petition for writ of certiorari is filed;
> (d)     the entry of the denial of the petition for writ of certiorari or the entry of the decision on the petition for certiorari review, if a petition for writ of certiorari is filed;
> (e)     the date on which petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based; or
> (f)     the date on which the new rule described in Subsection 78B-9-104(1)(f) is established.

*Id.* § 78B-9-107(2). However, the Post-Conviction Remedies Act's "limitations period is tolled for any period during which the petitioner was prevented from filing a petition . . . due to physical or mental incapacity." *Id.* § 78B-9-107(3).

¶4     Neese filed his petition for post-conviction relief on January 8, 2015. The State, in turn, filed a motion for summary judgment arguing that the petition was time-barred under section 78B-9-107. Neese filed a direct appeal following his convictions, and this court issued a decision affirming those

convictions on May 2, 2012. Neese did not file a petition for writ of certiorari in the Utah Supreme Court. Accordingly, Neese's cause of action under subsection (c) accrued on June 1, 2012. The petition was not filed within one year of that date. Therefore, Neese's claims are time-barred unless subsections (e) or (f) apply, or the time for filing a petition was tolled due to Neese's physical or mental incapacity.

¶5 Neese first argues that he could not have known all of the facts relevant to his petition until February 2014, when he claims that he became aware that the Board of Pardons and Parole (Board) intended to require him to complete sex offender treatment as a condition of release. The district court correctly concluded that Neese was aware of all the facts relevant to his petition no later than May 2, 2012, when this court resolved Neese's direct appeal. As of that date, Neese knew or should have known about any medical issues that may have affected the voluntariness of his plea. Further, Neese knew or should have known that the Board intended to treat Neese as a sex offender in October 2011, when he received a copy of the Board's Original Hearing Decision concerning the timing of his first parole hearing. The Decision indicated that a "sex offender treatment memo" would be required at Neese's parole hearing. This statement put Neese on notice that the Board intended to treat him as a sex offender. Therefore, Neese knew or should have known all facts upon which his petition was based on or before May 2, 2012, thereby making his petition untimely.

¶6 Neese next asserts that the district court erred in concluding that the statute of limitations period was not tolled due to alleged issues concerning his mental capacity. More particularly, Neese proffered evidence to the district court purporting to show that he suffered from mental health issues and did not receive proper medication while incarcerated at the Utah County Jail between November 2009 and March 2011. For purposes of resolving the motion for summary judgment, the

district court accepted the allegation as true; however, it concluded that the information was irrelevant to Neese's condition between the time the post-conviction cause of action accrued in June 2012 and when he filed the petition in January 2015. Neese presented no evidence concerning his mental capacity after June 2012. Conversely, the State presented a transcript of Neese's September 2011 hearing with the Board, which demonstrated that Neese responded lucidly and coherently to questions asked of him, had a "detailed memory of the facts underlying his convictions," and had a "thorough understanding of how consecutive enhancements are applied and how a sentencing matrix is interpreted." Neese presented no evidence to rebut the State's case or to support his contention of diminished mental capacity after June 2012. *See Orvis v. Johnson*, 2008 UT 2, ¶ 18, 177 P.3d 600 (stating that once a summary judgment movant has demonstrated that there is no dispute as to material facts, the burden shifts to the non-movant to "set forth specific facts showing that there is a genuine issue for trial"). Accordingly, the district court correctly concluded that the statute of limitations was not tolled by any mental incapacity alleged by Neese.

¶7      Affirmed.

———————