312 P.2d 561

M. A. STRAND, doing business as Strand Electric Service Company, Plaintiff and Appellant,

v.

UNION PACIFIC RAILROAD COMPANY, a corporation, Defendant and Respondent.

No. 8594.

Supreme Court of Utah.

June 19, 1957.

280

Clyde & Mecham, Grover A. Giles, Salt Lake City, for appellant.

Marvin J. Bertoch, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

This action was brought for damages for breach of contract, and involves the sole question of whether the action is barred by the four year statute of limitations applicable to oral contracts, Section 78–12–25, U.C.A.1953. Plaintiff appeals from a judgment of dismissal entered by the court below holding the action barred.

On December 10, 1943, plaintiff Strand Electric Service Company and the defendant Union Pacific Railroad Company entered into a written contract by the terms of which plaintiff agreed to construct a signal pole line between Caliente and Rox, Nevada, and defendant agreed to pay *unit prices* as specified in the contract. These prices included installation of poles, "H" fixtures, guys, line wire, aerial cable, and other items by unit. The line was to run 40 feet from the defendant's railroad tracks. Plaintiff also furnished a bond for the faithful performance of the contract.

Beginning work February 15, 1944, plaintiff experienced difficulties in transportation, supplies, labor and weather. With the resulting increase in cost, plaintiff asked the defendant to help his company complete the job. According to plaintiff's testimony, in September, 1944, at Salt Lake City, Utah, an oral arrangement took place between plaintiff and a Mr. Prater, an engineer of the Union Pacific Railroad Company, whereby Mr. Prater promised that the railroad would make an adjustment including insurance and expenses so that Mr. Strand would not lose a dime; that although the contract specified July 1, 1944, as the completion date, the railroad would extend the time to December, 1944, "by Christmas"; that all costs and expenses from the beginning to the end of the job would be paid so that plaintiff would be reimbursed for his losses; and that the railroad would pay for capital expenditures and depreciation on equipment in connection with the job.

The job was finished and approved January 7, 1945. Plaintiff filed an action December 20, 1950—more than five years and 11 months later—to recover under the contract as orally adjusted. Defendant pleaded that the claim was barred by the cited statute of limitations, claiming that it was not founded on a written instrument. Plaintiff's position is that the contract Sections 9.

and 20 by their terms contemplated such an oral modification, and thus the action was based upon a written instrument. Those Sections read as follows:

Section 9: "Extra Work. It is understood and agreed that the Railroad Company shall have the right to make such changes in the amount, dimensions or character of the work to be done hereunder as, in the opinion of the Engineer, the interests of the work or of the Railroad Company may require; and if any such changes or alterations should diminish the quantity of the work to be done they shall not constitute a claim for damages for anticipated profits on the work so dispensed with. *Any increase in the amount of the work to be done, that may result from such changes, shall be paid for at the same rates as similar work is herein contracted to be paid for; and, if such work is not similar to that herein contracted for, the Contractor shall submit information concerning the nature of the same to the Engineer before such is commenced and it shall be classified as 'extra work' and paid for at prices to be agreed upon between the Engineer and the Contractor, prior to the commencement of the same;* but, if the Contractor and the Engineer are unable to agree upon a price for such extra work, the Railroad Company may enter into a contract with any other party or parties for its execution or may itself perform any and all such extra work the same as if this contract had never existed. In case the Contractor does not present a claim in writing to the Engineer on account of the dissimilarity on the work by reason of such changes within ten days after such change has been explained, the Contractor shall be forever estopped from making any claim therefor."

Section 20: "It is distinctly understood and declared by the Contractor that this contract is made for the consideration herein named, solely on information derived from others than the Railroad Company, its officers, agents or employees, and *that the plans and specifications governing the work are subject to change and alteration as herein provided. Any deviation from said plans and specifications will be considered as an alteration and shall be determined as provided in Section 9 hereof.*" (Emphasis added.)

■ Defendant construes the subsequent oral understanding as a substantial oral modification of the terms of the contract, in consequence of which the entire agreement is governed by the well-established rule that actions on contracts which are partly in writing and partly oral are subject to the statute of limitations covering oral contracts. Plaintiff claims that the subsequent oral stipulations of the parties constituted

mere implementations of objective standards supplied by the written contract. We cannot agree. Rather, such oral modifications substituted for the written undertaking of defendant totally different obligations.

■■ We cannot agree that the "Extra Work" clause (Section 9) or Section 20 can reasonably be construed so as to encompass changes in the very terms of the written contract, not merely changes in the plans or specifications. It is true that a written promise to pay without naming the amount may be construed as founded on a written instrument where an objective standard for determining the price is provided in the instrument, even though the amount must be ascertained by evidence aliunde. Lyons v. Moise's Executor, 298 Ky. 858, 183 S.W.2d 493. But where a specific material term of the contract in writing is subsequently changed orally, the statute of limitations applicable to oral contracts applies. Since the written contract here contained a precise payment schedule, a definite date for completion, and no promise to pay for depreciation or capital outlays, the later oral modification of these certain terms superseded and replaced those written.

■ The written instrument fixed a price per unit. The subsequent agreement to cover all losses involved in the work cannot be interpreted as one of the original terms; nor does it fall under the "Extra Work" clause; nor did the written contract contemplate by its terms a future oral agreement to pay depreciation expense and capital expense while on the contract job. Such changes palpably are not "alterations in plans and specifications" under Section 20 of the contract. Such alterations in the specifications if made are to be treated under Section 9, and the terms of unit price would apply unless the price list failed to specify a price. Unless no price terms existed, the "Extra Work" provision would not apply. Alterations as used here do not reasonably contemplate a contract right to change the unit price terms, a change in risk of loss, or a change in other specific contract terms. Since neither section contemplated alterations in contract terms, the oral modifications of September, 1944, changing some of the terms rendered the contract part oral and part written, and the four year statute of limitations applies. See Luglan v. Tomlin, Tex.Civ.App.1956, 287 S.W.2d 188, 189, where the similar question arose and similar arguments invoked to the effect that the alterations were merely implementations of a change provision in the written contract, and that they did not change its written terms. In that case, the written contract contained a provision that "any alterations or changes from plans and specifications [are] to be paid for by owner at times materials furnished by contractor." The court said:

"Here the original plans and specifications were changed to such an extent that a new plan had to be drawn, but

the specifications were not re-written. Oral agreements for the changes in the specifications were relied upon. Under such circumstances the contract becomes an oral one and any claim arising under such a contract is governed by the two-year statute of limitation * * *."

See also 129 A.L.R. 604; Kerby v. Collin County, Tex.Civ.App., 212 S.W.2d 494, 3 A.L.R.2d 809; 34 Am.Jur., Limitations of Actions, p. 76, Section 92; 17 C.J.S. Contracts § 379, p. 868.

Affirmed. Costs to respondent.

CROCKETT, WADE, WORTHEN and HENRIOD, JJ., concur.