IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Ray Salazar, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100722-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (June 28, 2012) |
| Benjamin Chavez and John Does I-V, | ) | |
| | ) | 2012 UT App 177 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 080917245
The Honorable Denise P. Lindberg

Attorneys:     Jason D. Boren, Melanie J. Vartabedian, and Quinton J. Stephens, Salt
               Lake City, for Appellant

-----

Before Judges McHugh, Davis, and Christiansen.

DAVIS, Judge:

¶1      Benjamin Chavez appeals the denial of his rule 60(b) motion in which he
requested relief from the trial court's entry of default and a default judgment against
him.  We reverse and remand for further proceedings in accordance with this decision.

¶2      Rule 60(b) of the Utah Rules of Civil Procedure states, "[T]he court may in the
furtherance of justice relieve a party or his legal representative from a final judgment,
order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect . . . [or]
any other reason justifying relief from the operation of the judgment."  Utah R. Civ. P.
60(b)(1), (6).  Because "[a] district court has broad discretion to rule on a motion to set
aside a default judgment under rule 60(b) of the Utah Rules of Civil Procedure[,] . . . we

review a district court's denial of a 60(b) motion [for] an abuse of discretion . . . ." *Menzies v. Galetka*, 2006 UT 81, ¶ 54, 150 P.3d 480 (citations omitted).  Additionally, because rule 60(b) is equitable in nature, "a district court should exercise its discretion in favor of granting relief so that controversies can be decided on the merits."  *Id.*  Last, "a district court's ruling on a motion to set aside a default judgment must be based on adequate findings of fact and on the law."  *Id.* ¶ 55 (internal quotation marks omitted). Factual findings are reviewed for clear error and conclusions of law are reviewed for correctness.  *See id.*

¶3      Here, Chavez filed a rule 60(b) motion seeking relief from a default judgment entered against him when the trial court determined that "no answer or other pleading [had] been filed," *see generally* Utah R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear the clerk shall enter the default of that party."), because Chavez did not default; he filed a responsive pleading on September 23, 2008.  Indeed, the trial court had acknowledged receipt of the answer a few months after it was filed.[1]  The trial court also acknowledged receipt of Chavez's answer in its rule 60(b) ruling, stating, "[T]here is no explanation in the case record for why a default certificate and default judgment were signed given that the docket clearly showed that [Chavez] had filed an answer almost a year earlier."  Thus, because Chavez did not actually default, there was no basis for the entry of the default or default judgment.[2]

---

1.  This acknowledgment appears in a January 2009 Minute Entry in which the trial court addressed Salazar's request for substituted service in light of Salazar's claim that personal service of the complaint had been unsuccessful.  The trial court, somewhat contradictorily, permitted substituted service while also acknowledging that Chavez had already filed an answer.

2.  Additionally, the Utah Rules of Civil Procedure do not authorize a court clerk to issue a default certificate when the party against whom the certificate would be granted has filed an answer.  *See* Utah R. Civ. P. 55(a) (authorizing the clerk to enter a default certificate only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend").  Thus, under rule 55(a) of the Utah Rules of Civil Procedure, the entry of the default certificate was invalid, *see id.*, and the subsequent entry of the default judgment was also invalid, *see P & B Land, Inc. v.*

(continued...)

¶4 Nevertheless, the trial court approved the erroneous default judgment, blaming Chavez, a pro se litigant, for "perpetuating the [trial c]ourt's error[s]." The trial court explained that "[t]he fact that default judgment should not have been entered does not . . . warrant setting it aside under the facts of this case" because "[b]y having filed his answer in September 2008[, Chavez] was on notice that there was a civil action against him," placing upon him the responsibility to "serve his answer on opposing counsel, as required by the Utah Rules of Civil Procedure"; to "include . . . [in his answer] contact information that would allow the [c]ourt (and opposing counsel) the ability to get in touch with him so prosecution of this case could proceed in a timely and appropriate way"; and "to inform the [c]ourt of his whereabouts or inquire about the status of the case in the nearly two years since he filed his answer."

¶5 These conclusions are unwarranted. A rule 60(b) determination is not the appropriate mechanism by which a trial court can punish a party it believes has led it into error, and the factual basis upon which this apparent sanction rests is erroneous. Rule 60(b) is "remedial and equitable [in] nature," *see Menzies*, 2006 UT 81, ¶¶ 54, 77 (explaining the "equitable nature of the rule"), and permits the trial court to provide relief "in the furtherance of justice," *see* Utah R. Civ. P. 60(b). *See also Lund v. Brown*,

---

2. (...continued)
*Klungervik*, 751 P.2d 274, 276-77 (Utah Ct. App. 1988) ("No default judgment may be entered under Utah R. Civ. P. 55(b)(2) unless default has previously been entered. Thus, the entry of default is an essential predicate to any default judgment." (footnote, citation, and internal quotation marks omitted)). However, we focus our analysis on rule 60(b) of the Utah Rules of Civil Procedure because a defaulting party is not entitled to appeal "from the default judgment directly" but must first seek redress through a rule 60(b) motion and appeal from the denial of that motion. *See State v. Sixteen Thousand Dollars U.S. Currency*, 914 P.2d 1176, 1178 (Utah Ct. App. 1996) ("We can find no Utah case in which an appellate court considered a direct appeal from a default judgment entered against a party who had failed to file any responsive pleading and had not appeared before the trial court."). This is so even where the trial court erred in entering the default judgment. *See id.* ("Even [where the trial court has made a legal error,] the party asserting the error must first present the issue to the trial court through the appropriate post-judgment motion prior to seeking appellate review. . . . [T]he proper course for an aggrieved party to follow would be to make a Rule 60(b) motion for relief from judgment.").

2000 UT 75, ¶ 10, 11 P.3d 277 ("[A] trial court's discretion should be exercised in furtherance of justice and should incline towards granting relief in a doubtful case to the end that the party may have a hearing." (internal quotation marks omitted)). Nowhere in the text of the rule is it suggested that the rule might also provide a means to sanction a party seeking relief. Additionally, the trial court's determination that Chavez did not serve his responsive pleading on opposing counsel is not supported by record evidence. The record is ambiguous as to whether opposing counsel was served because the responsive pleading is addressed to both the trial court and opposing counsel, but no certificate of service is appended to the pleading. Regardless, there are mechanisms in place in our rules of procedure that provide the means by which the adequacy of the pleadings can be addressed, *see, e.g.,* Utah R. Civ. P. 11; *id.* R. 12(f), and by which a party can be sanctioned for alleged indiscretions, *see, e.g., id.* R. 11; *id.* R. 37. Rule 60(b) provides neither.

¶6     Similarly inappropriate is the trial court's denial of rule 60(b) relief based on its apparent determination that Chavez was not sufficiently diligent in his defense. *See generally Harrison v. Thurston*, 2011 UT App 231, ¶ 8, 258 P.3d 665 (mem.) (explaining that relief based on the excusable neglect prong of rule 60(b)(1) "require[s] some evidence that the moving party has exercised sufficient diligence [to justify] grant[ing] him relief from the judgment entered as a result of his neglect" (second and third alterations in original) (internal quotation marks omitted)). Under the facts and circumstances of this case, this conclusion seems to flip rule 60(b) on its head. The ruling from which Chavez seeks relief was not correctly made in the first place—he filed an answer, yet default was entered against him for failing to file an answer. We are not convinced that a pro se litigant's basic, letter-format responsive pleading and conflicting evidence of whether personal service was truly effectuated led the trial court so astray as to cause it to erroneously enter a default against Chavez. In any case, the trial court's apparent determination that Chavez was not sufficiently diligent is inappropriate. Chavez's actions were reasonable given the unique facts and circumstances of this case, including Salazar's failure to prosecute the case early on, which resulted in the trial court's dismissing the case sua sponte in August 2009;[3] the apparent problems with service; and Chavez's decision, upon receiving actual notice of the entry of default and the default judgment, to quickly retain counsel and file a rule

---

3. Salazar successfully moved the court to reopen the case later that same month.

60(b) motion within a time frame that rule 60(b) supports as reasonable,[4] *see* Utah R. Civ. P. 60(b) (noting that a rule 60(b) motion "shall be made within a reasonable time" and defining that time for certain subsections of the rule as "not more than 3 months after the judgment, order, or proceeding was entered or taken").

¶7    In sum, the trial court's ruling on Chavez's rule 60(b) motion was "based on clearly erroneous factual findings [and] flawed legal conclusions." *See Menzies v. Galetka*, 2006 UT 81, ¶ 55, 150 P.3d 480. The entry of default and the subsequent entry of default judgment were improper because Chavez had answered. Accordingly, the trial court's denial of Chavez's rule 60(b) motion exceeded its discretion. We vacate the entry of default and the default judgment entered against Chavez and remand for further proceedings on the merits.[5]

---

4. Because Salazar did not submit a brief on appeal, we are left with Chavez's undisputed assertion that he did not have notice of the default judgment until his attorney in a related criminal action informed him of it on March 29, 2010. That is also the date from which the trial court analyzes Chavez's timeliness in bringing his rule 60(b) motion. Chavez filed his rule 60(b) motion on June 11, 2010, approximately two-and-a-half months after he received actual notice.

5. Chavez also challenges on appeal the trial court's decision to award Salazar $29,120 in damages when "Salazar presented no evidence to prove or support his damage claims." We note, to the extent a similar or related issue may arise on remand, *see generally State v. Low*, 2008 UT 58, ¶ 61, 192 P.3d 867 (recognizing an appellate court's "discretion to address" "other issues presented on appeal that" may arise on remand), that the damages award is not supported by sufficient evidence. Because Salazar's complaint did not allege damages "for a sum certain or for a sum that can be made certain by computation," *see* Utah R. Civ. P. 55(b)(1)(D), the trial court should have held a hearing during which time Salazar could have "provide[d] evidentiary support for the award of damages," *see Skanchy v. Calcados Ortope SA*, 952 P.2d 1071, 1076 (Utah 1998); *accord* Utah R. Civ. P. 55(b)(2). *See also* Utah R. Civ. P. 54(c)(2) ("A judgment by default shall not be different in kind from, or exceed in amount, that specifically prayed for in the demand for judgment."); *cf. Russell v. Martell*, 681 P.2d 1193, 1195 (Utah 1984) ("Courts are not at liberty to deviate from . . . rules [54 and 55] just because one party is in default and is not entitled to be heard on the merits of the case."); *Cadlerock Joint Venture II, LP v. Envelope Packaging of Utah, Inc.*, 2011 UT App 98, ¶ 10, 251 P.3d 837

(continued...)

_____

James Z. Davis, Judge

-----

¶8    WE CONCUR:


_____

Carolyn B. McHugh,
Presiding Judge


_____

Michele M. Christiansen, Judge

_____

5.  (...continued)
("Our precedent states that even defaulting defendants should usually be afforded an evidentiary hearing whenever the amount owed is unliquidated under rule 55(b)(2) [of the Utah Rules of Civil Procedure] . . . ."). None of the allegations in Salazar's complaint indicate a "sum certain" from which the trial court could have calculated the particular damages awarded—$6,000 for medical expenses, $3,120 for lost income, and $20,000 for pain and suffering. Thus, the complaint does not present "sufficient credible evidence to support the [default] judgment of" $29,120. *See Pitts v. Pine Meadow Ranch, Inc.*, 589 P.2d 767, 769 (Utah 1978) (rejecting the trial court's entry of a $36,000 default judgment that was based entirely on the plaintiffs' testimony that their property was "totally ruined" by the defendants' trespass, that their property was worth $16,000 before the trespass, and that the destroyed trees on the property "constituted $5,000 of the value of the property," because evidence of the property's actual market value after the trespass was needed to calculate property damages and there was no evidence to support treble damages or punitive damages).