IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Gunnison Valley Bank, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120389-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (November 1, 2012) |
| Ryan Crotts and Sabrina Crotts, | ) | |
| | ) | 2012 UT App 308 |
| Defendants and Appellants. | ) | |

-----

Sixth District Court, Manti Department, 110600075
The Honorable Wallace A. Lee

Attorneys:    Ryan Crotts and Sabrina Crotts, Fairview, Appellants Pro Se
V. Lowry Snow, Curtis M. Jensen, and J. David Westwood, St. George,
for Appellee

-----

Before Judges Orme, Davis, and Voros.

¶1     Ryan and Sabrina Crotts appeal the district court's April 11, 2012 order. This matter is before the court on a sua sponte motion for summary disposition. We affirm.

¶2     The Crottses assert that the district court erred by declining to set aside the default judgment entered against them after the district court struck their responsive pleading. A district court may set aside a default judgment for good cause shown. *See* Utah R. Civ. P. 55(c). A district court has broad discretion in ruling on a motion to set aside a default judgment. *See Salazar v. Chavez,* 2012 UT App 177, ¶ 1, 282 P.3d 1033. This court reviews the district court's decision on a motion to set aside a default judgment for an abuse of discretion. *See id.* The district court also has the inherent

power to strike a party's pleading and award default judgment if the party engages in conduct that demonstrates a lack of merit. *See Chen v. Stewart*, 2005 UT 68,¶ 43, 123 P.3d 416. The district court's ruling on a motion to strike a pleading will not be disturbed absent a clear abuse of discretion. *See Pratt v. Nelson*, 2005 UT App 541, ¶ 9, 127 P.3d 1256.

¶3      The Bank moved to strike Ryan Crotts's response to its complaint because he did not sign the response and it had been prepared by Sabrina Crotts, who is not a licensed attorney. The Bank also moved to strike Sabrina's response because she indicated that she was "not appearing generally," and she requested "a remedy in admiralty." After the Bank moved to strike the Crottses' response, or in the alternative, requested a more definite statement, the Crottses failed to timely respond to the Bank's motions. The district court determined that the Crottses had failed to timely oppose the motions to strike, and that their response to the Bank's complaint was "entirely unclear." Thus, the district court struck the Crottses' response to the Bank's complaint. Subsequently, the Bank filed an application for default judgment, which the district court granted.

¶4      The Crottses filed a document that the district court construed as a rule 60(b) motion to set aside the default judgment. When the grounds for relief from a judgment or order are mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud, a rule 60(b) motion must be filed within three months of the entry of the judgment or order. *See* Utah R. Civ. P. 60(b). The district court determined that the Crottses had not timely moved to set aside the default judgment as it pertained to their claim for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. The district court also determined that the Crottses had failed to demonstrate that the default judgment was void or that the court lacked jurisdiction. The district court also concluded that the Crottses failed to make a plausible showing of any meritorious defense.

¶5      The Crottses fail to demonstrate that the district court abused its discretion by striking their response to the Bank's complaint, entering default judgment, and declining to set aside the default judgment. Furthermore, the Crottses' response to the sua sponte motion for summary disposition fails to provide the requisite legal argument, analysis, or presentation of a substantial issue, which, if well taken, would

entitle them to appellate relief. *See State v. Green*, 2005 UT 9,¶ 11, 108 P.3d 710. Thus, we affirm the district court's April 11, 2012 decision.

¶6     Affirmed.


_____
Gregory K. Orme, Judge


_____
James Z. Davis, Judge


_____
J. Frederic Voros Jr., Judge