# 2017 UT App 9

## THE UTAH COURT OF APPEALS

GOLDENWEST FEDERAL CREDIT UNION,
Appellant,
*v.*
KATHLEEN F. KENWORTHY,
Appellee.

Memorandum Decision
No. 20150397-CA
Filed January 12, 2017

Third District Court, Salt Lake Department
The Honorable Elizabeth A. Hruby-Mills
No. 149905786

Dana T. Farmer, Attorney for Appellant

Peter A. Klc, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES STEPHEN L. ROTH and JILL M. POHLMAN
concurred.

ORME, Judge:

¶1      Goldenwest Federal Credit Union appeals the district court's entry of summary judgment in favor of Kathleen F. Kenworthy. We reverse and remand.

¶2      "In reviewing a district court's grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party and recite the facts accordingly." *Ockey v. Club Jam*, 2014 UT App 126, ¶ 2 n.2, 328 P.3d 880 (citation and internal quotation marks omitted). "A summary judgment movant must show both that there is no material issue of fact *and* that the movant is entitled to judgment as a matter of law." *Orvis v. Johnson*, 2008 UT 2, ¶ 10, 177 P.3d 600 (emphasis in original).

¶3     On April 24, 2006, Kenworthy entered into a loan agreement with Goldenwest for the purchase of a vehicle. The loan's maturity date was April 15, 2012. Kenworthy initially agreed to repay the loan in monthly installments of $487.21. In May of 2008, after failing to make payments on the loan for two months, Kenworthy called Goldenwest, discussed her financial difficulties, and indicated that she would not be able to make the scheduled payments. Goldenwest agreed to reduce Kenworthy's monthly payments to $200 per month. Kenworthy does not contend that any other terms of the loan agreement were modified. Kenworthy made one $200 payment but made no payments thereafter.

¶4     Approximately six years later, on February 5, 2014, Goldenwest sued Kenworthy for the remaining balance due on the loan.[1] Kenworthy moved for summary judgment, claiming that Goldenwest's claims were "barred by the statute of limitations." The district court granted Kenworthy's motion, concluding that "[t]he applicable statute of limitation had run prior to [Goldenwest] initiating the present action." It then granted Kenworthy's request for attorney fees, to which Goldenwest had failed to respond. Goldenwest appeals.

¶5     Goldenwest argues that the district court erred in granting Kenworthy's summary judgment motion because "[t]he statute of limitations did not run before this action was commenced." "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness[.]" *Orvis*, 2008 UT 2, ¶ 6 (citation and internal quotation marks omitted).

¶6     "Subject to one exception inapplicable here," a six-year statute of limitations "applies to 'any contract, obligation, or liability founded upon an instrument in writing.'" *Griffin v.*

---

1. Goldenwest sued Kenworthy in 2011, but the district court dismissed that case, without prejudice, for lack of prosecution.

*Cutler*, 2014 UT App 251, ¶ 18, 339 P.3d 100 (quoting Utah Code Ann. § 78B-2-309(2) (LexisNexis 2012)). But an action on an oral agreement is subject to a four-year statute of limitations. *See* Utah Code Ann. § 78B-2-307(1)(a) (LexisNexis 2012); *Griffin*, 2014 UT App 251, ¶ 15. And "where a specific material term of [a] contract in writing is subsequently changed orally, the statute of limitations applicable to oral contracts applies." *Strand v. Union Pac. R.R.*, 312 P.2d 561, 563 (Utah 1957).

¶7    Goldenwest and Kenworthy orally agreed to change a single term of the written loan agreement, namely, the amount of the monthly installment payments. The total amount due, the rate of interest, the maturity date, and the collateral for the loan all remained the same. If the change in the required monthly installment amount is material, the four-year statute of limitations applies to this case. *See id.* But we are far from certain that a lender's accommodation of its borrower by lowering the monthly payment, while none of the other loan terms change, constitutes a material change triggering the four-year statute. Nevertheless, even if the four-year statute applies, we disagree with how the district court applied the statute of limitations.

¶8    In its summary judgment ruling, the district court focused on the date the last installment payment was made and held that the statute of limitations had run, regardless of whether the four- or six-year statute applied. But this court has observed that when an "installment contract calls for the entire balance to become due on some specific future date, and the obligee has done nothing to legally accelerate the future payments, the statute of limitations begins to run only after the obligor defaults on the final due date."[2] *Anderson v. Davis*, 2008 UT App 86U, para. 2.

---

2. Kenworthy asserts on appeal that Goldenwest "exercised its option to accelerate the alleged installments" when it collected insurance proceeds on the vehicle after she crashed it. But Kenworthy did not advance this argument when she moved for

(continued…)

¶9    Kenworthy did not demonstrate that Goldenwest accelerated Kenworthy's repayment obligation, and the district court did not address whether Goldenwest accelerated the debt. If Goldenwest did not, then the statute of limitations began to run on April 15, 2012, the maturity date of the loan. *See id.* Because Kenworthy did not establish that Goldenwest accelerated the debt, it must be presumed that the unpaid balance became due at maturity. Accordingly, it cannot be concluded as a matter of law that Goldenwest's suit is time-barred given that it filed its complaint within four years of the loan's maturity date. It follows that the district court erred in granting summary judgment to Kenworthy.

¶10    The district court awarded Kenworthy her reasonable attorney fees and costs as the prevailing party. Because we reverse the district court's grant of summary judgment in Kenworthy's favor, she is no longer the prevailing party. After the district court has resolved the matter on remand, it may ascertain who the prevailing party is and whether an award of fees and costs to that party is appropriate. *See Watkins v. Henry Day Ford*, 2010 UT App 243, ¶ 21, 239 P.3d 526, *aff'd*, 2013 UT 31, 304 P.3d 841.

¶11    The summary judgment in Kenworthy's favor is reversed. The case is remanded for trial or such other proceedings as may now be in order.

--------------

(…continued)
summary judgment, nor did she provide a supporting affidavit or otherwise establish this contention. Based on the record before us and the authorities presented, we are not persuaded that separately insuring a loan agreement and collecting proceeds thereunder automatically effects acceleration, which is a matter the loan agreement expressly governs.