**2017 UT App 191**

## THE UTAH COURT OF APPEALS

GOLDENWEST FEDERAL CREDIT UNION,
Appellant,
*v.*
KATHLEEN F. KENWORTHY,
Appellee.

Opinion[1]
No. 20150397-CA
Filed October 13, 2017

Third District Court, Salt Lake Department
The Honorable Elizabeth A. Hruby-Mills
No. 149905786

Dana T. Farmer, Attorney for Appellant

Peter A. Klc, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which JUDGES
STEPHEN L. ROTH and JILL M. POHLMAN concurred.[2]

---

1. Our original memorandum decision in this matter was issued on January 12, 2017. *See Goldenwest Federal Credit Union v. Kenworthy*, 2017 UT App 9, 391 P.3d 388. We thereafter granted Kenworthy's petition for rehearing. While much of the substantive analysis of our original decision remains, other analysis is altered, and the result is changed from a reversal to an affirmance.

2. Senior Judge Stephen L. Roth began his work on this case as a member of the Utah Court of Appeals. He retired from the court, but thereafter became a Senior Judge. He completed his work on this case sitting by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

ORME, Judge:

¶1    Goldenwest Federal Credit Union appeals the district court's entry of summary judgment in favor of Kathleen F. Kenworthy. We affirm.

¶2    "In reviewing a district court's grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party and recite the facts accordingly." *Ockey v. Club Jam*, 2014 UT App 126, ¶ 2 n.2, 328 P.3d 880 (citation and internal quotation marks omitted). "A summary judgment movant must show both that there is no material issue of fact and that the movant is entitled to judgment as a matter of law." *Orvis v. Johnson*, 2008 UT 2, ¶ 10, 177 P.3d 600 (emphasis in original).

¶3    On April 24, 2006, Kenworthy entered into a loan agreement with Goldenwest to fund the purchase of a vehicle. The loan's maturity date was April 15, 2012. Kenworthy initially agreed to repay the loan in monthly installments of $487.21. In May 2008, after missing the payment due in February and all payments due thereafter, Kenworthy called Goldenwest, discussed her financial difficulties, and indicated that she would not be able to make the scheduled payments. On May 9, 2008, Goldenwest agreed to reduce Kenworthy's monthly payments to $200 per month. No other terms of the loan agreement were modified. Kenworthy made one $200 payment but made no payments thereafter.

¶4    Almost six years later, on February 5, 2014, Goldenwest sued Kenworthy for the remaining balance due on the loan.[3] Kenworthy moved for summary judgment, claiming that

---

3. Goldenwest sued Kenworthy in 2011, but the district court dismissed that case, without prejudice, for lack of prosecution. The complaint initiating that action was timely under any scenario.

Goldenwest's claims were "barred by the statute of limitations." The district court granted Kenworthy's motion, concluding that "[t]he applicable statute of limitations had run prior to [Goldenwest] initiating the present action." It then granted Kenworthy's request for attorney fees, to which Goldenwest had failed to respond. Goldenwest appeals.

¶5     Goldenwest argues that the district court erred in granting Kenworthy's summary judgment motion because "[t]he statute of limitations did not run before this action was commenced." "An appellate court reviews a trial court's legal conclusions and ultimate grant or denial of summary judgment for correctness[.]" *Orvis*, 2008 UT 2, ¶ 6 (citation and internal quotation marks omitted).

¶6     According to Goldenwest, its action was timely because it was brought within six years of when the oral agreement to reduce the monthly payment to $200 was reached. "Subject to one exception inapplicable here," a six-year statute of limitations "applies to 'any contract, obligation, or liability founded upon an instrument *in writing*.'" *Griffin v. Cutler*, 2014 UT App 251, ¶ 18, 339 P.3d 100 (emphasis added) (quoting Utah Code Ann. § 78B-2-309(2) (LexisNexis 2012)). But an action on an *oral* agreement is subject to a four-year statute of limitations. *See* Utah Code Ann. § 78B-2-307(1)(a) (LexisNexis 2012); *Griffin*, 2014 UT App 251, ¶ 15. And "where a specific *material* term of [a] contract in writing is subsequently changed orally, the statute of limitations applicable to oral contracts applies." *Strand v. Union Pac. R.R.*, 312 P.2d 561, 563 (Utah 1957) (emphasis added).

¶7     The case comes to us in this posture. If the six-year statute applicable to written contracts applies, Goldenwest's complaint was timely.[4] If Goldenwest's oral agreement to reduce

4. The district court entered summary judgment against Goldenwest because it determined that the complaint was untimely under either the four-year or the six-year statute of

(continued…)

Kenworthy's monthly payments to $200 changed a material term of the written contract, then, under *Strand*, the four-year statute applicable to oral contracts applies, and the complaint was not timely.

---

(…continued)

limitations. Its decision was the product of two key errors. First, it assumed that, in order to comply with either statute, Goldenwest was required to *serve* its complaint before the relevant statutory period had run. This is not the case. Rather, "[o]nce a statute has begun to run, a plaintiff must *file* his or her claim before the limitations period expires[.]" *Russell Packard Dev., Inc. v. Carson*, 2005 UT 14, ¶ 20, 108 P.3d 741 (emphasis added). To be sure, Goldenwest served its complaint on Kenworthy on May 13, 2014, which is six years and four days after May 9, 2008, the date from which the court believed the statutes of limitations began to run. But Goldenwest *filed* its complaint on February 5, 2014, which means that its action would have been timely under the six-year statute.

In addition, the district court erred by applying the statutes of limitations from the date the loan modification was made. The proper date from which to commence the running of the applicable statute was when the contract was breached—that is, the date of the first missed payment, *see Upland Indus. Corp. v. Pacific Gamble Robinson Co.*, 684 P.2d 638, 643 (Utah 1984) (emphasis in original) ("[A] cause of action on a contract accrues, thus causing the statute of limitations to commence, only upon *breach* of the contract."), or upon the maturity date of the loan, if no action has been taken to accelerate payment prior to that date, *see Goldenwest Federal Credit Union v. Kenworthy*, 2017 UT App 9, ¶ 9, 391 P.3d 388. Because Goldenwest filed its complaint on February 5, 2014, its action would have been timely under the six-year statute whether it ran from the date of the first missed payment (February 15, 2008) or the maturity date (April 15, 2012).

¶8   But on appeal, Goldenwest does not contend that the oral modification of the amount of the monthly payment was immaterial. Rather, Goldenwest argues that *Strand* is "inapplicable" because the terms of the agreement between Goldenwest and Kenworthy "can be proven without resort to parol evidence" and because the agreement and subsequent oral modification "are within the statute of frauds." With respect to the parol evidence argument, Goldenwest does not explain what evidence in *Strand* consisted of parol evidence, nor does it explain how consideration of parol evidence would render *Strand* "inapplicable" to the current case.

¶9   With respect to the statute of frauds argument, Goldenwest seemingly treats its argument as self-evident. We assume that Goldenwest believes the agreement is governed by the statute of frauds because the agreement between Goldenwest and Kenworthy is one that cannot be performed within one year. *See Pasquin v. Pasquin*, 1999 UT App 245, ¶ 18, 988 P.2d 1. If Goldenwest is claiming that oral modifications to written agreements governed by the statute of frauds cannot fall within the four-year statute of limitations, it has not cited authority to that effect. Goldenwest instead cites the venerable case of *Texas Western Railway Co. v. Gentry*, 8 S.W. 98, 101 (Tex. 1888), but the court in *Gentry* concluded that a written *resolution* was governed by the same statute of limitations applicable to written *contracts*. *Id.* Because the agreement between Goldenwest and Kenworthy involved an *oral* modification to a *written* contract, *Gentry* has little relevance.[5]

---

5. Goldenwest also suggests that "any modification" to the agreement was required to "meet the requirements of the statute of frauds." *See Holt v. Katsanevas*, 854 P.2d 575, 579 (Utah Ct. App. 1993) (stating that "if an original agreement was required to comply with the statute of frauds, any material modification of that agreement must also conform to the statute of frauds"). We note, however, that this contention would preclude the oral

(continued…)

¶10 Ultimately, Goldenwest does not adequately develop its arguments that *Strand* is inapplicable. *See State v. Thomas*, 961 P.2d 299, 305 (Utah 1998) (stating that an adequately briefed argument requires not only "bald citation to authority but development of that authority and reasoned analysis based on that authority"). Given the complex nature of these doctrines, Goldenwest cannot merely mention parol evidence and the statute of frauds and assume that this court will ascertain the arguments it is trying to make. Therefore, as a result of its cursory briefing on the matter, Goldenwest has not persuaded us that *Strand*—and the four-year statute of limitations it implicates—is "inapplicable."

¶11 Nevertheless, in our previous decision, we expressed doubts regarding the applicability of *Strand*. *See Goldenwest Federal Credit Union v. Kenworthy*, 2017 UT App 9, ¶ 7, 391 P.3d 388. Specifically, we were unsure whether the parties' oral modification constituted a "material change." *Id.* Goldenwest and Kenworthy orally agreed to change a single term of the written loan agreement, namely the amount of the monthly installment payments. The total amount due, the rate of interest, the maturity date, and the collateral for the loan all remained the same. Although we might have been receptive to the argument that a mere reduction in the monthly payment as an accommodation to its borrower was not a material change that would deprive Goldenwest of the benefit of the longer statute of limitations, we need not resolve this question because Goldenwest has not raised it.

¶12 We also pointed out in our prior decision that when an "'installment contract calls for the entire balance to become due on some specific future date, and the obligee has done nothing to

---

(…continued)
modification that Goldenwest readily acknowledges it made with Kenworthy.

legally accelerate the future payments, the statute of limitations begins to run only after the obligor defaults on the final due date.'"[6] *Id.* ¶ 8 (quoting *Anderson v. Davis*, 2008 UT App 86U, para. 2). We premised our initial decision on the fact that Kenworthy did not demonstrate that Goldenwest accelerated Kenworthy's repayment obligation. If Goldenwest did not accelerate, then the statute of limitations began to run on April 15, 2012, the maturity date of the loan. *See id.* ¶ 9. Because Kenworthy did not establish that Goldenwest accelerated the debt, we determined that the unpaid balance became due at maturity. *See id.* Under this analysis, we could not conclude as a matter of law that Goldenwest's suit was time-barred given that it filed its complaint within four years of the loan's maturity date. On that basis, we held that the district court erred in granting summary judgment to Kenworthy regardless of whether the six- or four-year statute applied. *See id.*

¶13 After we issued our decision, Kenworthy filed a petition for rehearing, contending that we had based our decision on an argument that was not preserved below and that was not raised by Goldenwest on appeal, namely the argument that *Anderson* provided the proper date from which to commence the statute of limitations. Concerned that there might have been error in our decision, we asked for a response from Goldenwest, wherein it conceded that it had not raised this sound argument below or on

---

6. Kenworthy asserts on appeal that Goldenwest "exercised its option to accelerate the alleged installments" when it collected insurance proceeds on the vehicle after she crashed it. But Kenworthy did not advance this argument when she moved for summary judgment, nor did she provide a supporting affidavit or otherwise establish this contention. Based on the record before us and the authorities presented, we are not persuaded that separately insuring a loan agreement and collecting proceeds thereunder automatically triggers acceleration, which is a matter expressly governed by the loan agreement.

appeal. Nonetheless, Goldenwest argued that this court could base its decision on any applicable legal theory apparent from the record.

¶14 While we are quite familiar with the principle on which Goldenwest attempts to rely, this court and the Utah Supreme Court have employed it only to affirm decisions, not to reverse them. *See, e.g., State v. Griffin*, 2016 UT 33, ¶ 34, 384 P.3d 186; *Insight Assets, Inc. v. Farias*, 2013 UT 47, ¶ 7, 321 P.3d 1021; *Bailey v. Bayles*, 2002 UT 58, ¶ 10, 52 P.3d 1158; *Dipoma v. McPhie*, 2001 UT 61, ¶ 18, 29 P.3d 1225; *Friedman v. Salt Lake County*, 2013 UT App 137, ¶ 5 n.3, 305 P.3d 162. *But see, e.g., Acton v. Deliran*, 737 P.2d 996, 998–99 (Utah 1987) (recognizing a narrow exception in which Utah appellate courts will set aside judgments and remand for the entry of adequate findings of fact, even absent pertinent argument from either side, when a trial court failed to enter adequate findings, precluding meaningful review on appeal). Aside from cases that involve insufficient findings of fact or provide a basis for affirmance, we have stated that we will not consider arguments that were not preserved for appeal. *See, e.g., State v. Holgate*, 2000 UT 74, ¶ 11, 10 P.3d 346; *State v. Mills*, 2012 UT App 367, ¶ 11, 293 P.3d 1129; *State v. Noor*, 2012 UT App 187, ¶ 5, 283 P.3d 543. Because Goldenwest did not preserve, brief, or otherwise argue that the statute of limitations begins to run at the maturity date of the loan, we erred in reversing the grant of summary judgment on that basis. *See State v. Robison*, 2006 UT 65, ¶ 41, 147 P.3d 448.

¶15 Consequently, we are in the admittedly awkward position of affirming a grant of summary judgment to Kenworthy, despite the fact that she was not, in absolute terms, entitled to judgment as a matter of law. The case before us illustrates the infrequent—but nonetheless observable—tension between our responsibilities with respect to summary judgment and the preservation rule, which is one of the mainstays of appellate review. On the one hand, we will affirm a grant of summary judgment only if a party is entitled to judgment as a matter of

law. *See supra* ¶ 2. On the other hand, we require parties to preserve their arguments below and adequately brief them on appeal, and we typically refuse to consider them unless both requirements have been met. *See, e.g., Holgate*, 2000 UT 74, ¶ 11; *State v. Thomas*, 961 P.2d 299, 304–05 (Utah 1998).

¶16    When these principles come into conflict, preservation and adequate briefing must prevail over legal correctness. We impose certain burdens on appellants, including, inter alia, preserving their issues for appeal, adequately briefing their arguments on appeal, and demonstrating prejudice as a prerequisite to obtaining relief on appeal. And while these impositions aid in the establishment of a functional appellate system, they also reflect a strong institutional preference for affirmance and a strong institutional disinclination toward reversal. We simply cannot, based on the arguments advanced by Goldenwest, reverse the district court's grant of summary judgment in favor of Kenworthy. Although the district court erroneously applied the statute of limitations, Goldenwest did not raise any argument that demonstrated error on the district court's part. Goldenwest instead relied on arguments that do not establish any error whatsoever, and our institutional constraints prevent us from reversing on the basis of a winning argument that Goldenwest did not make.

¶17    Because we now affirm the district court's grant of summary judgment, we affirm its award of attorney fees and costs to Kenworthy as the prevailing party. We also award Kenworthy her attorney fees and costs incurred on appeal, *see Management Servs. Corp. v. Development Assocs.*, 617 P.2d 406, 409 (Utah 1980), and remand for the limited purpose of supplementing her attorney fee award with her fees reasonably incurred on appeal.

¶18    Affirmed.

———————