2026 UT App 69

## THE UTAH COURT OF APPEALS

ZACHARY TRIPP,
Appellee,
*v.*
ZEN ZONE HOMES LLC,
Appellant.

Opinion
No. 20241175-CA
Filed April 30, 2026

Third District Court, Salt Lake Department
The Honorable Robert P. Faust
No. 230900697

Eric Boyd Vogeler, Chase A. Adams, and
R. Westin Garff, Attorneys for Appellant

Kevin B. Call, Attorney for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES DAVID N. MORTENSEN and JOHN D. LUTHY concurred.

ORME, Judge:

¶1　　Zen Zone Homes LLC (Zen Zone) challenges the district court's grant of summary judgment and award of attorney fees in Zachary Tripp's favor. Because none of the issues Zen Zone raises are preserved for appeal, we affirm the district court's rulings without reaching their merits. And because Tripp is entitled to an award of attorney fees reasonably incurred on appeal, we remand the case to the district court to determine the amount of those fees.

## BACKGROUND

¶2　　Highly dissatisfied with the quality of the landscaping project Zen Zone completed at his home, Tripp, through counsel, sued Zen Zone for breach of contract and breach of warranty. The

complaint, which was filed in January 2023, alleged costs of "at least $44,618.41 to repair the damage left behind by" Zen Zone. The following month, Zen Zone's managing principals, acting without the representation of legal counsel,[1] timely filed a pro se answer to the complaint. The district court then set the litigation schedule. Tripp's and Zen Zone's initial disclosures were due in March and April 2023, respectively; fact discovery was set to end in October 2023; and expert discovery was set to be completed in April 2024.

¶3 Thereafter, the litigation appears to have largely stalled. There was no action in the suit until September 2023, when Tripp served Zen Zone with his initial disclosures—some six months past the deadline set by the district court. The date set for the close of fact discovery then came and went without further action by either party. In early March 2024, following several more months of inactivity, the district court issued a notice of intent to dismiss the case for lack of prosecution unless it received a written statement within 20 days demonstrating good cause why the matter should not be dismissed. The following week, Tripp served Zen Zone with his expert witness disclosures. And a week after that, Tripp filed an "Objection to Dismissal," in which he stated that he had filed his initial disclosures and his expert's report summary, and that he was waiting for expert discovery to end the following month before acting further. The district court took no action in response to the objection but also did not dismiss the case.

¶4 The next activity in the case did not occur until September 2024, when Tripp moved for summary judgment. In his motion, Tripp pointed to an attached declaration by his expert witness in which the expert opined that Zen Zone failed to meet industry standards when performing landscaping work on Tripp's property. The motion also included a declaration by Tripp stating

---

1. Corporate entities are not entitled to proceed pro se; they must be represented by counsel. *See Globe Contracting LLC v. Hour*, 2025 UT App 98, ¶ 12 n.3, 575 P.3d 235.

that the cost of repairing Zen Zone's allegedly substandard work was $44,618.41. Lastly, the motion noted that Zen Zone had "only minimally engaged in the litigation process," having filed just an answer, and it highlighted that Zen Zone failed to provide initial disclosures, designate expert witnesses, or otherwise participate in discovery. Tripp argued that summary judgment was appropriate because, pursuant to rule 26(d)(4) of the Utah Rules of Civil Procedure, Zen Zone was precluded from presenting at trial any evidence or witnesses that were not timely disclosed during discovery and thus it could not present its case.

¶5 A little over a week later, Zen Zone, still unrepresented by counsel, submitted a pro se filing that served the dual purpose of opposing summary judgment and requesting a "new discovery date." The filing was poorly organized, with its various arguments intermingled. It included a seemingly isolated reference to rule 26(d)(4) that was immediately followed by a statement that, to Zen Zone's knowledge, it had "complied with all requests received." Zen Zone also stated that it did "not recall missing the Discovery process" or "receiving Discovery from" Tripp, and it requested an additional 30 days to conduct discovery. Zen Zone denied Tripp's assertion that it had not meaningfully participated in the litigation, indicating that it had filed an answer and "had numerous conversations with opposing counsel." Zen Zone also asserted that Tripp had "delayed this case, on and off, for several years" and pointed to the court's earlier notice of intent to dismiss, stating that the course of the litigation had "been confusing." Zen Zone asserted that its request to extend discovery was "reasonable . . . due to the circumstances of extended time-lines and multiple attorneys for" Tripp. It further argued that material disputes of fact existed and that it "dispute[d] and rebut[ted] all claims made by [Tripp] and [his] Expert Witness."

¶6 Tripp filed a reply to Zen Zone's opposition, arguing, among other things, that the opposition was "insufficient" and did not raise disputes of material fact because it failed to include any supporting affidavits or other evidence. Tripp also argued

that the request for an additional 30 days of discovery was untimely because discovery had already closed several months earlier. He also asserted that Zen Zone "slept on every single one of its rights in this matter beyond the filing of an Answer, and cannot reasonably complain about prejudice if [its] request for more discovery is denied, especially since [Zen Zone] did not participate in discovery in any fashion whatsoever during the discovery period." Notably, Tripp did not object to the pro se nature of Zen Zone's opposition. *See supra* note 1.

¶7      On October 24, 2024, in a two-sentence ruling, the district court granted Tripp's summary judgment motion "for all the reasons set forth in the motion." The court further noted that Zen Zone's "response to the motion was filed by a non attorney and [Zen Zone] must be represented by an attorney." On November 5, the court entered judgment in Tripp's favor in the amount of $44,618.41. The judgment stated that summary judgment had previously been granted "for good cause stated and because [Zen Zone] did not properly submit a response through an attorney." That same day, a notice of appearance of counsel on Zen Zone's behalf was filed. Zen Zone's newly retained counsel filed a notice of appeal three days later.

¶8      On December 3, 2024, Tripp filed a motion seeking attorney fees pursuant to the governing contract. The court granted the motion 10 days later, on December 13—four days short of Zen Zone's 14-day period to respond to the motion. *See* Utah R. Civ. P. 7(d)(1). The court awarded Tripp $6,960 in attorney fees. Zen Zone amended its notice of appeal to include the attorney fees award but did not object to the award in the district court.

ISSUES AND STANDARD OF REVIEW

¶9      Zen Zone raises three issues on appeal. It argues that the district court (1) erred in granting summary judgment because the summary judgment motion and the expert witness's evidence on which it relied were both untimely, (2) violated due process by

granting summary judgment without first allowing Zen Zone to retain counsel, and (3) erred in granting Tripp's motion for attorney fees without first allowing Zen Zone to respond to the motion. Ordinarily, we would review each of these issues for correctness. *See Penunuri v. Sundance Partners, Ltd.*, 2017 UT 54, ¶ 14, 423 P.3d 1150 ("Appellate courts review a district court's legal conclusions and ultimate grant or denial of summary judgment for correctness[.]") (quotation simplified); *Salt Lake City Corp. v. Jordan River Restoration Network*, 2012 UT 84, ¶ 47, 299 P.3d 990 ("Constitutional issues, including questions regarding due process, are questions of law that we review for correctness.") (quotation simplified); *In re G.C.*, 2025 UT App 182, ¶ 8, 583 P.3d 592 ("We review the application of our rules of civil procedure for correctness.") (quotation simplified), *cert. denied*, Apr. 14, 2026 (No. 20260048). But because none of these issues are preserved for appeal, and because Zen Zone has not argued an exception to our preservation rule, we have no occasion to reach the merits of these arguments. *See State v. Tolman*, 2025 UT App 188, ¶ 15, 582 P.3d 1277, *cert. denied*, Apr. 7, 2026 (No. 20260210).


ANALYSIS

¶10    "Under our adversary system, the responsibility for detecting error is on the party asserting it, not on the court." *Patterson v. Patterson*, 2011 UT 68, ¶ 16, 266 P.3d 828. Therefore, appellate courts will not typically reach unpreserved issues "absent a valid exception to preservation." *State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443. "An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on it," that is, when the issue was "specifically raised by the party asserting error, in a timely manner," and "supported by evidence and relevant legal authority." *Id.* (quotation simplified). Also, we "view issues narrowly and an issue is unpreserved when the appellant raises a legal theory entirely distinct from the legal theory raised before the district court." *State v. Winter*, 2024 UT App 98, ¶ 12, 554 P.3d 355 (quotation simplified), *cert. denied*, 558 P.3d 88 (Utah 2024).

¶11 Zen Zone asserts that all the issues it raised on appeal are preserved. We disagree and address the preservation of each issue in turn.

## I. Motion for Summary Judgment

¶12 Zen Zone assails the district court's grant of summary judgment on two fronts. It argues that (A) summary judgment was inappropriate because the motion for summary judgment and the expert disclosures were both untimely and (B) the court violated due process by disregarding Zen Zone's pro se opposition and not allowing it to cure its lack of counsel.

### A. Timeliness

¶13 Zen Zone argues that Tripp filed the motion for summary judgment several months past the procedural cutoff. Pursuant to rule 56(b) of the Utah Rules of Civil Procedure, "[u]nless the court orders otherwise, a party may file a motion for summary judgment at any time no later than 28 days after the close of all discovery." And here, discovery closed, according to Zen Zone, in October 2023,[2] but Tripp did not file his summary judgment motion until nearly a year later, in September 2024. Similarly, Zen Zone contends that Tripp failed to disclose his expert witness— on whose opinion his summary judgment motion relied—within 14 days of the close of fact discovery, as required by rule 26(a)(4)(C) of the Utah Rules of Civil Procedure. But neither of these issues was preserved below.

¶14 Zen Zone argues it "preserved the essence of its procedural and substantive challenges" in its pro se opposition because it generally opposed entry of summary judgment, asserted that Tripp's "supporting evidence [was] untimely, highlight[ed]

---

2. Although fact discovery did end in October 2023, Zen Zone overlooks that expert discovery was not set to close until April 2024. Regardless, the summary judgment motion was filed well over 28 days past either date.

disputes of fact, and explicitly request[ed] additional time to conduct discovery." More specifically, Zen Zone asserts it "put the court on notice of the lateness of Tripp's disclosures and motion, and it invoked Rule 56(d)[3] by pleading for a chance to gather and present evidence if the court felt more was needed."

¶15     But as discussed above, to preserve an issue for appeal, "the issue must be specifically raised by the party asserting error, in a timely manner, and must be supported by evidence and relevant legal authority." *State v. Johnson*, 2017 UT 76, ¶ 15, 416 P.3d 443 (quotation simplified). Even if the district court considered Zen Zone's pro se opposition, *see supra* note 1; *infra* ¶ 18, it was insufficient to preserve the issues Zen Zone raises on appeal. As an initial matter, Zen Zone's opposition to summary judgment was largely based on the existence of alleged disputes of material fact. But the issues currently before us on appeal constitute entirely new theories—as opposed to new arguments—as to why summary judgment was entered in error. *See id.* ¶ 14 n.2. To be preserved, the district court must have been afforded an opportunity to rule on those issues, which the district court in this case was not. *See id.* ¶ 15; *Winn v. McKinlay*, 2025 UT App 16, ¶ 39, 565 P.3d 101 ("When it is clear that an appellant is raising an entirely new legal theory on appeal, we may simply apply the preservation rule and decline to address the newly raised issue.").

¶16     Although the pro se opposition referenced the district court's prior notice of intent to dismiss for inaction and asserted that Tripp had "delayed this case, on and off, for several years," this was insufficient to alert the court that the motion for summary judgment itself was untimely: Zen Zone neither cited rule 56(b) nor otherwise assailed the motion on timeliness grounds. The same is true for Tripp's alleged failure to timely disclose his expert

---

3. Rule 56(d)(2) of the Utah Rules of Civil Procedure provides that "[i]f a nonmoving party shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may," among other things, "allow time to obtain affidavits or declarations or to take discovery."

witness: the opposition did not cite rule 26(a)(4)(C) or otherwise suggest that Tripp's expert disclosures were in any way improper.[4] Rather, the opposition's focus was on excusing Zen Zone's own failure to provide its disclosures and requesting additional time to conduct discovery. Accordingly, neither issue was "specifically raised" nor "supported by evidence and relevant legal authority," and thus, neither issue was preserved for appeal. *Johnson*, 2017 UT 76, ¶ 15 (quotation simplified).

¶17     Zen Zone alternatively argues, for the first time in its reply brief, that "the preservation rule does not bar review of the trial court's errors." Seemingly referencing the plain error and exceptional circumstances exceptions to the preservation rule, Zen Zone asserts that "the trial court's errors were plain on the face of the record" and that "failure to address [the errors] would result in manifest injustice." But because Zen Zone did not invoke either exception in its opening brief, it has waived these

---

4. The opposition did cite rule 26(d)(4) of the Utah Rules of Civil Procedure, which states that "[i]f a party fails to disclose or to supplement timely a disclosure or response to discovery, that party may not use the undisclosed witness, document, or material at any hearing or trial unless the failure is harmless or the party shows good cause for the failure." But that seemingly isolated citation was immediately followed by Zen Zone's statement that, to its knowledge, it had "complied with all requests received." Zen Zone also explained it did "not recall missing Discovery" or "receiving Discovery from" Tripp, and it requested additional time to conduct discovery. At best, Zen Zone's mention of the rule could be construed as responding to Tripp's argument that summary judgment was proper because Zen Zone was precluded under rule 26(d)(4) from presenting its case. Nothing in the opposition suggested that it was turning the tables on Tripp by arguing that the same rule precluded him from likewise presenting his own case at trial.

arguments, and we do not address them further.[5] *See R4 Constructors LLC v. InBalance Yoga Corp.*, 2020 UT App 169, ¶ 29, 480 P.3d 1075 ("[B]ecause [the appellant] did not ask this court to consider the issue under an exception to the rule of preservation until its reply brief, it waived our consideration of any such argument.").

B.     Due Process

¶18     "Under settled principles, a corporation is not entitled to self-representation because corporations are artificial entities that are not allowed to represent themselves in court." *Globe Contracting LLC v. Hour*, 2025 UT App 98, ¶ 12 n.3, 575 P.3d 235 (quotation simplified). *See CoBon Energy, LLC v. AGTC, Inc.*, 2011 UT App 330, ¶ 9 n.1, 264 P.3d 219 ("It has long been the law of this jurisdiction that a corporate litigant must be represented in court by a licensed attorney.") (quotation simplified). Zen Zone argues that the district court violated due process when it entered summary judgment without first allowing Zen Zone to cure its lack of counsel.

¶19     Zen Zone faults the court (and Tripp) for not alerting it to the representation requirement, despite its previously having filed a pro se answer and opposition to summary judgment. Zen Zone contends that the court's summary judgment ruling violated due process because Zen Zone "was not afforded a meaningful opportunity to respond through counsel" and "because the court never indicated that its lack of counsel would result in an adverse ruling." Quoting the court's summary judgment ruling, Zen Zone further asserts that the court's use of Zen Zone's "lack of attorney as a makeweight reason to 'grant the motion for all the reasons set forth in the motion' was effectively a default judgment in

---

5. Waiver aside, the plain error exception is generally unavailable in civil appeals. *See Kelly v. Timber Lakes Prop. Owners Ass'n*, 2022 UT App 23, ¶ 44, 507 P.3d 357.

disguise—one granted sua sponte and in summary fashion." But once more, this issue was not preserved for appeal.

¶20 "Generally, the fact that a party is asserting constitutional claims does not excuse [it] from complying with the preservation rule." *Donjuan v. McDermott*, 2011 UT 72, ¶ 21, 266 P.3d 839. Taking Zen Zone's "effective default judgment" argument at face value, even in cases where the district court made a legal error, "a defaulting party is not entitled to appeal from the default judgment directly but must first seek redress through a rule 60(b) motion and appeal from the denial of that motion." *Salazar v. Chavez*, 2012 UT App 177, ¶ 3 n.2, 282 P.3d 1033 (quotation simplified). *See* Utah R. Civ. P. 60(b)(1), (6) (stating that "[o]n motion and upon just terms, the court may relieve a party or its legal representative from a judgment, order, or proceeding for," among other things, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief"); *State v. Sixteen Thousand Dollars U.S. Currency*, 914 P.2d 1176, 1178 (Utah Ct. App. 1996) (stating that in appeals challenging the entry of default judgment, "the party asserting the error must first present the issue to the trial court through the appropriate post-judgment motion prior to seeking appellate review"). Here, even after retaining counsel, Zen Zone did not attempt to alert the district court to its alleged error by filing an appropriate post-judgment motion. Instead, Zen Zone filed a notice of appeal three days after the court's entry of judgment in Tripp's favor. Accordingly, Zen Zone failed to preserve this issue for appeal.

¶21 Additionally, the rule that corporate entities must be represented by counsel is procedural rather than jurisdictional. *See Globe Contracting*, 2025 UT App 98, ¶ 12 & n.3 (noting that the appellee's initial failure to retain counsel was eventually cured); *CoBon Energy*, 2011 UT App 330, ¶ 9 & n.1 (noting that the corporate plaintiff's pro se complaint violated the rule, but still addressing the issue raised on appeal). Thus, because the rule does not implicate subject matter jurisdiction, it cannot be used to circumvent the preservation requirement. *Cf. State v. Johnson*, 2017 UT 76, ¶ 50, 416 P.3d 443 ("[I]t is always appropriate for an

appellate court to raise possible issues concerning subject matter jurisdiction . . . , regardless of whether such issues were argued on appeal or preserved in the trial court."); *Utah Down Syndrome Found., Inc. v. Utah Down Syndrome Ass'n*, 2012 UT 86, ¶ 7, 293 P.3d 241 ("A lack of jurisdiction can be raised at any time by either party or by the court.") (quotation simplified).

¶22    In sum, because "preservation . . . must prevail over legal correctness," *Goldenwest Fed. Credit Union v. Kenworthy*, 2017 UT App 191, ¶ 16, 406 P.3d 253, we affirm the district court's grant of summary judgment in Tripp's favor without reaching the merits of any of the challenges Zen Zone raises on appeal.

## II. Attorney Fees

¶23    Zen Zone challenges the district court's award of attorney fees in Tripp's favor, arguing the award was entered prematurely. Specifically, Zen Zone contends that pursuant to rule 7(d)(1) of the Utah Rules of Civil Procedure, it had 14 days to respond to Tripp's motion for an award of fees, yet despite Zen Zone being represented by counsel at that point, the district court granted the motion a mere 10 days after it was filed.

¶24    Once more, this issue is not preserved. Zen Zone did not invite the court to fix its error by bringing the error to the court's attention through an appropriate objection or post-judgment motion, such as a rule 60(b) motion. Instead, Zen Zone's only action was to file an amended notice of appeal. And on appeal, apart from a passing reference to "manifest injustice" in its reply brief, *see supra* ¶ 17, Zen Zone has not argued that the exceptional circumstances exception to the preservation rule applies to this issue. *See State v. Johnson*, 2017 UT 76, ¶¶ 29, 37, 416 P.3d 443 (stating that the exceptional circumstances exception is applied "to reach an unpreserved issue where a rare procedural anomaly has either prevented an appellant from preserving an issue or excuses a failure to do so" and following a case-by-case consideration of other factors, including when not reaching the unpreserved issue "would result in manifest injustice")

(quotation simplified). Therefore, we likewise have no occasion to consider this issue further.

¶25   Lastly, Tripp seeks an award of attorney fees reasonably incurred on appeal. "It is well established that a party entitled by contract to attorney fees below and that prevails on appeal is entitled to fees reasonably incurred on appeal." *Checkerprop Utah 199 East, LLC v. Butcher*, 2024 UT App 124, ¶ 34, 572 P.3d 1121 (quotation simplified), *cert. denied*, 561 P.3d 691 (Utah 2024). Accordingly, we grant Tripp's request for attorney fees reasonably incurred on appeal and remand this matter to the district court to determine the appropriate amount of the award.

CONCLUSION

¶26   Because none of the issues Zen Zone raises on appeal are preserved, we affirm the district court's grant of summary judgment and its award of attorney fees in Tripp's favor without reaching the merits of the issues raised by Zen Zone. We also grant Tripp's request for attorney fees reasonably incurred on appeal, and we remand the case to the district court for a determination of the amount of attorney fees Tripp reasonably incurred on appeal.

—————